# HERBERT BARTON, Appellant; v. WILLIAM BLACK, Respondent.

## (173 N. W. 172.)

**Partnership — appeal and error — accounting — new trial will be ordered where findings and judgment are indefinite.**

1. In an action for partnership dissolution and an accounting, where the record, together with the findings and judgment rendered, is so indefinite and uncertain upon matters of accounting that the supreme court, upon a trial *de novo*, cannot make, with any degree of accuracy, a final disposition, a new trial will be ordered.

**Partnership — advance to partnership by partner — interest — accounting.**

2. In such action, where one of the partners furnished the money wherewith to engage in the horse selling business upon the claimed agreement that he was to be paid interest upon moneys advanced, or moneys borrowed, for the partnership at the rate of 8 per cent per annum, payable semiannually, at compound interest, it is *held* that the trial court properly determined such party to be entitled to be credited with, and to receive, such interest upon an accounting, excepting that upon moneys advanced by such party, not borrowed, he should receive only simple interest, not compounded.

Opinion filed May 23, 1919.

Action for a partnership dissolution and for an accounting.

From a judgment in District Court, Williams County, *Fisk*, J., for the defendant, the plaintiff appeals and demands a trial *de novo*.

New trial ordered.

*E. R. Sinkler* and *Greenleaf, Wooledge, & Leak*, for appellant.

Capital does not bear interest in the absence of express agreement or a usage of the firm to allow it. St. Paul Trust Co. v. Finch (Minn.) 54 N. W. 190.

Where one borrows money with which to purchase land it does not entitle him to deduct the interest before dividing the proceeds on a resale, in the absence of an agreement to that effect. Carpenter v. Hathaway, 25 Pac. 549; Sweeney v. Neeley (Mich.) 19 N. W. 128.

Interest is not recoverable on an excess of capital contributed to a partnership by one partner on the ground that he devoted his time and money to carrying on the partnership business, whereas the other partner contributed nothing in the way of time or labor. Thompson v. Noble (Mich.) 65 N. W. 563.

*John J. Murphy* and *F. W. Medbery,* for respondent.

BRONSON, J. This is an action for dissolution of a partnership and for an accounting. The action was started in June, 1915, in the district court of Williams county, and came to trial in October, 1916.

On February 5, 1917, the trial court made findings adjudicating a balance between the parties in favor of the defendant for $542.59, and appointed a receiver to dispose of existing partnership property. Finally, on March 15, 1918, after receipt of the report of the receiver, judgment was entered in favor of the defendant for $190.38.

The plaintiff has appealed from such judgment and demands a trial *de novo.* It appears from the evidence that the defendant owned a ranch near the Missouri river, and that the plaintiff had been working for him for several years, principally engaged in the handling and selling of horses. In the spring of 1908, it appearing to be a good season for the disposition of horses, the parties entered into an understanding or agreement concerning the handling and selling of horses. It was agreed that the defendant would purchase some horses; that the plaintiff would handle the same and sell and dispose of them; that they would divide the profits over and above the expenses; that the defendant would provide a place for such horses at the ranch and a corral in which to handle them. The plaintiff testifies that the defendant agreed to buy the horses and give him one-half interest in them; that he was to do the work and sell and collect for the horses sold; that, if he did not get money out of the horses right away, the defendant was to give him money enough to live and keep his family. The defendant testified that he agreed to buy a bunch of horses and to divide the profits over the expenses; that the plaintiff was to do the selling and collecting away from the ranch; that he would do what he could at home, around the ranch; that he advised the plaintiff that he thought he could borrow sufficient money at 8 per cent with which to get the horses; that the money was not to be furnished free of cost, but the defendant was to receive 8 per cent or whatever he had to pay the bank where he borrowed such money.

Pursuant to this arrangement, the defendant made arrangements with a bank at Minot to borrow the money at 8 per cent interest payable

every six months. On July 13, 1908, 148 horses were purchased. The cost of the same, including the expenses in connection with their transportation, amounted to $9,859.65. The defendant borrowed $10,000 to finance the horse deal, at Minot, North Dakota. The defendant testified that the note therefor was renewed once and then taken up with money that he got from a bank in St. Paul; that it was so carried along until the fall of 1911, and that he paid 8 per cent interest thereon. In the year of 1908, about one third of the horses were sold. In 1909 many of the horses were sold on time payment upon notes drawing interest at 12 per cent, which was so arranged between the parties. During this year the plaintiff worked for the defendant on a salary of $400, helping the defendant to manage the ranch; his wife doing some cooking. The defendant furnished everything. The sales of horses and the collections of moneys due therefor continued in the years 1910, 1911, and partly so in 1912. Many notes were taken. The plaintiff and the defendant both participated in the collections of the same.

The books of account have been kept in a very crude manner. From time to time, apparently, settlements were made between the parties concerning horses sold and cash received. There appears upon the record no complete statement of the interest that the defendant paid or of the various items of expenses or disbursements involved in the transactions between the parties pursuant to this arrangement. Apparently, it was the custom of the plaintiff, when some of the horses were sold, to account to the defendant for the cash received by turning over the net amount without keeping or entering into any books a detailed statement of the horses sold or the particular expenses involved in such particular transaction. It is quite evident that both parties used "rule of thumb" methods concerning the bookkeeping. Both parties are equally at fault in failing to keep full and accurate records of the partnership transactions handled by each. The trial court in its findings determined that it was the understanding that the defendant was to be paid interest on the money furnished by him or upon moneys that he borrowed for the partnership at a rate of 8 per cent per annum, computed every six months, and, if not paid, such interest to become a part of the principal. The trial court found the amount of interest to which the defendant was entitled amounted to $2,468.95. The appellant's principal contention is that the trial court erred in allowing interest to the defendant in the

amount stated, or otherwise, upon moneys furnished or moneys borrowed by the defendant for the partnership. The appellant also attacks the computations made in the findings upon the accounting had.

In matters of arithmetic, the findings and conclusions of the trial court, including the judgment rendered, do not agree. The respondent in part so concedes in his brief. For instance, in the findings, the court determines the items of moneys disbursed or advanced by the defendant which aggregate $14,738.10, and the items of payments made to the defendant which total $14,901.31. This leaves an excess balance received by the defendant of $163.30, whereas the excess amount as determined by the court is $452.65. The error possibly, as the respondent contends, is in the amount allowed for the interest item which probably was cut down by the trial court, but not changed in the findings in the specific item therefor. Furthermore, in such findings, the trial court determined that the plaintiff collected and received $2,429.66 and his properly allowable expenses to be $977.82, leaving the net amount of $1,451.84 which the plaintiff had received. Thereupon, the court determined, in its conclusions, that the amount owing the defendant from the plaintiff was $542.47, whereas the amount, from the face of the findings, should be $644.27, or, in any event, if the interest item be corrected in accordance with the final excess balance found by the court to have been received by the defendant, to wit, $452.65, the amount then due the defendant from the plaintiff upon such computation would be $499.59, as the respondent concedes, instead of $542.57, as found by the court. Furthermore, in such findings the court directs the receiver to apply the net amount received by him in the sale of the partnership property in payment upon the amount so due the defendant from the plaintiff.

Plainly, as a matter of arithmetic against the partnership assets which were sold by the receiver, if they were in fact partnership assets, and were so considered by the trial court, belonged one half to each of the parties, and only one half of such net amount so received by the receiver should be credited upon the amount found due the defendant from the plaintiff.

We are satisfied upon this record that the trial court properly found that the defendant should be allowed interest upon moneys advanced, or moneys secured through loan for partnership purposes.

We are further satisfied, however, that the defendant should not be allowed compound interest upon any moneys furnished by him excepting where he has in fact paid such interest upon moneys borrowed by him for such partnership purposes. The record, together with the findings and judgment rendered, is so indefinite and uncertain that this court, upon a trial *de novo,* is unable to determine, with any degree of accuracy, the proper allowance for the interest item, or what the proper amount of the judgment should be, pursuant to the findings and the record in this case. Accordingly, in the interests of substantial justice, we are constrained to remand this case for a new trial with directions to the trial court particularly to determine the amount of interest to be allowed the defendant, pursuant to this opinion, and to specifically find upon every item contested between the parties to this action.

Landis v. Knight, 23 N. D. 450, 137 N. W. 477; Williams County State Bank v. Gallagher, 35 N. D. 24, 159 N. W. 80; Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000.

It is so ordered. The costs of this appeal will abide the result of the new trial.

GRACE, J. I concur in result.

ROBINSON, J. (dissenting). The complaint avers that in 1908 the plaintiff and defendant entered into a copartnership for the purpose of buying and selling horses; that defendant was to furnish the capital and the plaintiff to do the work of selling the horses, and each to receive half the profits; that defendant has received $2,200 more than his just share of the profits and continues to collect debts of the partnership and to appropriate the money; wherefore, the plaintiff demands an accounting and division of the partnership funds. By answer defendant denied the partnership and offered no accounting. However, on the trial, he admitted the partnership and that he was to furnish the capital and the plaintiff to do the work, and on the trial defendant claimed that for the capital advanced he should have interest at 8 per cent compounded semi-annually. The claim of interest was unjustly allowed, and it amounted to $2,468.95. Plaintiff swore positively that he never heard of interest till the trial; that defendant had never made a claim for interest, and it also appeared that no interest charges had been made on the books.

And of course it was highly improbable that plaintiff should pay interest on the capital and do nearly all the work and receive only half the profits. Hence the allowance for interest was clearly wrong. Then it appears defendant borrowed most of the capital and repaid the same, with interest, from partnership funds received from the sale of horses, and for the amount so paid defendant took credit and charged the same to the partnership, when the interest should have been paid from his own funds. Defendant was no more entitled to interest on the capital than plaintiff was entitled to compensation for his time and services given to the partnership.

This action has dragged along for over five years. In June, 1913, at Williston, North Dakota, the summons and complaint was served on defendant. In September, 1915, the answer was served,—and it comes near to being a mere sham. In October, 1916, the case was brought on for trial and the evidence taken. In February, 1917, the judge made findings and conclusions. In March, 1918, judgment was entered against the plaintiff, and in April, 1918, this appeal was taken. If the defendant had kept a true account and promptly served a true answer, with a correct statement of account, the chances are there would have been no occasion for litigation. Defendant kept the books in pencil, and in such a way that it is not possible for him or any person to state an account with any reasonable assurance of accuracy. However, it is quite clear that the plaintiff is entitled to recover about $3,000.

| | |
|---|---:|
| Defendant has received several sums amounting to | $16,853.92 |
| He has expended | 11,212.58 |
| This leaves in his hands | $5,641.34 |
| Barton has received from partnership money | 1,173.00 |
| The balance to be divided is | $4,468.34 |
| Of this the plaintiff must receive half or | $2,234.17 |
| Interest on the same for five years | 570.00 |
| Half of net sum received from sale of partnership property .. | 183.54 |
| Total | $2,987.71 |

In the brief of counsel it is said: There were only two witnesses in the case; there is a direct conflict of testimony in regard to interest, and

the findings of the trial court should not be disturbed without good reasons. That would be of much greater force if the answer had fairly and correctly stated the case and the issues to be determined, and if the action had been tried and judgment entered within a reasonable time. We have before us the briefs of counsel, the judgment roll, the account books, the statement of the case, covering over 200 pages. How be it as the case is presented by the pleadings—the answer and the whole record? There is nothing to be gained by an extended discussion of the facts, and it is time to end this suit.

The judgment of the district court should be reversed and it be ordered that judgment be entered to the effect that the plaintiff do have and recover from the defendant $2,987.71, with costs.