# LANDIS v. KNIGHT.

### (137 N. W. 477.)

**Appeal and error — disposition of cause — new. trial ordered in the district court.**

> Sec. 7229, Revised Codes of 1905, providing for trials *de novo* in the supreme court on all appeals in cases not properly triable with a jury, also provides that the supreme court may, if it deems such course necessary to the accomplishment of justice, order a new trial of the action.

> *Held* that where, as in the case at bar, the record is in such condition that an intelligent disposition of the case in this court is rendered impossible on account of the vague, indefinite, and uncertain state of the testimony, a new trial will be ordered in the district court.

### Opinion filed June 19, 1912.

Appeal from District Court, Foster county; *Burke, J.*

Action in foreclosure. From a judgment in plaintiff's favor, defendants appeal.

New trial ordered.

*S. E. Ellsworth,* of Jamestown, for appellants.

*Edward P. Kelly,* of Carrington, and *Lee Combs,* of Valley City, for respondent.

FISK, J. This is an action to foreclose two certain real estate mortgages, one of which mortgages securing two notes of $175 each, and the other one note of $3,000. It is admitted by the answer that all these notes and mortgages were executed as alleged in the complaint, and that plaintiff is the owner and holder thereof. No defense is interposed to the first cause of action based upon the two small notes and the mortgage securing payment thereof, the sole defense urged being with reference to the $3,000 note and mortgage. The answer alleges that the only consideration for the latter note and mortgage was to indemnify plaintiff or secure him for any advances or payments which he might thereafter make to the wholesale creditors of the firm of which plaintiff and defendant, John W. Knight, were partners, on claims due such creditors from such firm. And it is contended by defendants that

plaintiff has not advanced or paid to such creditors a sum equal to the face of such note, and they pray for an accounting of all sums thus paid and also for all funds received and disbursed by plaintiff, belonging to said copartnership.

Plaintiff contends, on the other hand, that such note and mortgage were executed and delivered to him for the purpose of securing him for all advances made by him for such copartnership, and also for any and all advances made by him for defendant, John W. Knight, personally, and that such advances aggregate a sum in excess of the face value of such note. The district court rendered judgment in plaintiff's favor for the full sum prayed for in the complaint, and from such judgment defendants have appealed and have demanded a trial *de novo* in this court.

While the issues are very plain and simple, we find the testimony in the record so vague, indefinite, and unintelligible that it is utterly impossible for us to arrive at any satisfactory or intelligent conclusion as to the merits. As we view the record, nothing but a mere guess as to the true facts is possible from the unsatisfactory condition of the testimony; and while we are, of course, anxious, when possible, to retry the cases appealed for trial *de novo* and determine them on the merits, thus ending the litigation, we are prevented from so doing where, as in this case, the testimony is in such condition as to make it impossible to do so with any degree of certainty as to the respective rights and claims of the parties, and we see no alternative but to remand the cause for a new trial, which we do. This practice is expressly authorized by § 7229, Revised Codes of 1905, under the provisions of which trials *de novo* in the supreme court in equity cases are required.

We trust that on the next trial counsel will be able to elicit testimony relevant and material to the issues presented, in a more lucid manner.

In view of the fact that a supersedeas undertaking on appeal was not given, and in view of the further fact that the correctness of the judgment as to the first cause of action is not challenged, the judgment appealed from will be permitted to stand awaiting the result of the new trial. If upon such new trial it shall be found erroneous as to the second cause of action, the district court is directed to modify the same in such particulars as to make it conform to the law and the facts, but

otherwise the same will stand as already rendered. The costs on this appeal shall abide the result of such new trial.

BURKE, J., being disqualified, did not participate in the decision.