## WILLIAMS COUNTY STATE BANK, a Corporation, v. E. I. GALLAGHER.

(159 N. W. 80.)

**Trial de novo — record on appeal — testimony — vague — indefinite — uncertain — new trial will be ordered.**

Where, as in the case at bar, a trial *de novo* is asked under the provisions of § 7846, Compiled Laws of 1913, and the record is in such a condition that an intelligent disposition in the supreme court is impossible on account of the vague, indefinite, and uncertain state of the testimony, a new trial will be ordered in the district court.

Opinion filed July 13, 1916. Rehearing denied September 8, 1916.

Appeal from the District Court of Williams County, *Frank E. Fisk,* J.

Action to foreclose a chattel-mortgage. Judgment for plaintiff. Defendant appeals.

New trial ordered.

*H. W. Braatelien,* for appellant.

This action is upon a note and chattel mortgage, brought by the plaintiff, payee, and defendant pleads no consideration. Under such state of facts, the real consideration is a proper subject of inquiry. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, and authorities; Comp. Laws 1913, § 5975; Jeffers v. Easton, E. & Co. 113 Cal. 345, 45 Pac. 680.

"The mere withholding of evidence, or failure to produce evidence which, under the circumstances would be expected to be produced, and which is available, gives rise to a presumption against the party withholding it." Wyldes v. Patterson, 31 N. D. 282, 153 N. W. 630.

Parties who know of, or assist in the sale of, mortgaged chattels, cannot be permitted to come into court and plead ignorance of the records as to such sale. The finding that the note was given for "money borrowed" has no support in the evidence. Comp. Laws 1913, §§ 7277, 7286, 7528; Swain v. Seamens, 9 Wall. 272, 274, 19 L. ed. 559, 560; Sykes v. Beck, 12 N. D. 257, 96 N. W. 844; Gallup v. Chelsea State Bank, 35 S. D. 367, 152 N. W. 338.

The plaintiff cannot establish its case except through the medium of an illegal transaction to which it, by taking the notes, was a party. Its case must consequently fall. Wald v. Wheelon, 27 N. D. 624, 147 N. W. 402.

The bank elected to take the benefits from the illegal sale, and hence it assumed the obligations arising from it. Comp. Laws 1913, §§ 5866, 7157, and authorities cited; St. Anthony & D. Elevator Co. v. Dawson, 20 N. D. 18, 126 N. W. 1013, Ann. Cas. 1912B, 1337.

*Palmer, Craven, & Burns,* for respondent.

The bank would have no authority or power to assure that property owned by third parties was free from liens, and of course a bank cashier or agent could not bind the bank by any such assurance. 3 R. C. L. §§ 53, 71, Banks, Power Cashier.

BRUCE, J.   This is an action to foreclose a chattel mortgage, and comes to us for a trial *de novo* under the provisions of § 7846, Compiled Laws of 1913.

The answer pleads a failure of consideration, and alleges that the note was given in the purchase of a certain horse which was sold at a public auction held under the direction of the plaintiff, and that such horse was afterwards taken from the defendant by the foreclosure of a prior chattel mortgage thereon, and the existence of which was not then known by or disclosed to him.   Not only is a dismissal of the action asked, but also affirmative judgment for the expenses of time and money incurred in defending the title.   The record, however, is such and the evidence so meager and unsatisfactory that we, on the trial *de novo* which is asked of us, are entirely unable to arrive at a satisfactory conclusion.   As the record now is, indeed, we neither feel justified in decreeing a foreclosure of the mortgage nor a judgment on the counterclaim which is pleaded by the defendant, and for this reason and following the precedent set by the case of Landis v. Knight, 23 N. D. 450, 137 N. W. 477, are constrained to order a retrial of the action.

For the guidance of the parties on this trial we call attention to the fact that the facts surrounding the auction sale at which the horse was brought should be elucidated.   Under whose authority was the sale conducted, who directed it, who was the auctioneer, and who the clerk, and by whom employed?   What interest, if any, did the plaintiff bank have in the property which was sold?   Why was the sale held at all, and what was said and done therein?   How did the note and chattel mortgage to the bank come to be given?   What was said and done between the parties at this time?   Was the bank selling its own property or property in which it had an interest, or was it merely acting as a trustee of the funds?   Was the note given in order to borrow money to pay Lysgaard for the horse, or was it given in payment of the horse and to the bank?   What was the arrangement or agreement between the bank and Lysgaard?

A new trial is ordered.   The costs of the appeal will abide the results of such new trial.