## S. S. SUTHERLAND v. WILLIAM J. NOGGLE and George J. Brown, Sheriff of Stark County.

### (160 N. W. 1000.)

**Creditor — conveyance of — property to — by debtor — pre-existing indebtedness — in payment of — good faith — fraud — validity of transfer.**

1. Where a creditor receives a conveyance of only so much property as is sufficient to satisfy a pre-existing indebtedness, and receives it in good faith for that purpose, the fact that he may know that his grantor is actuated by a desire to defraud his other creditors will not invalidate the transfer.

**Trial de novo — supreme court — new trial — when necessary — accomplishment of justice.**

2. Under § 7846, Compiled Laws (relating to trial *de novo* in the supreme court), a new trial will be ordered when the supreme court deems such course necessary to the accomplishment of justice.

### Opinion filed December 30, 1916.

Appeal from the District Court of Stark County, *Crawford,* J.

Remanded for a new trial.

*Thomas H. Pugh,* for appellant.

The question of the fraudulent intent is one of fact, and not of law, under our statute, and no transfer of property may be adjudged fraudulent solely on the ground that it was not made for a valuable considera-

---

NOTE.—On what is participation by a creditor in the fraudulent intent of his debtor which will make a transfer to pay or secure his debt invalid as to other creditors, see notes in 31 L.R.A. 609, and 32 L.R.A. 71. The solution of the question would seem to depend upon the question of the good or bad faith of the purchaser or mortgagee.

On the right of a creditor to buy property from his debtor in satisfaction of his debt, see note in 36 L.R.A. 335.

On knowledge of vendee as affecting validity of fraudulent conveyance, see note in 34 Am. St. Rep. 395.

tion.   Black Hills Mercantile Co. v. Gardiner, 5 S. D. 246, 58 N. W. 557; Dalrymple v. Security Loan & T. Co. 9 N. D. 306, 83 N. W. 245.

Nor will the relationship of the parties alone afford such ground. Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996.

The grantor in an alleged fraudulent conveyance may testify as to what his intent in fact was.   6 Enc. Ev. 130; Brown Bros. v. Potter, 13 Colo. App. 512, 58 Pac. 785; Love v. Tomlinson, 1 Colo. App. 516, 29 Pac. 666; Seymour v. Wilson, 14 N. Y. 567.

Retention of possession of the property by the grantor would not be evidence that same was not made in good faith.   Scholle v. Finnell, 167 Cal. 90, 138 Pac. 746.

Evidence of other frauds committed by the grantor in which the grantee did not participate, not receivable.   6 Enc. Ev. 149 and cases cited.

The grantee in such cases is not in duty bound to inquire as to the fraudulent intent of the grantor, unless he has actual knowledge of some suspicious circumstances sufficient to put a prudent man upon inquiry. Wannemacher v. Merrill, 22 N. D. 46, 132 N. W. 412; Fluegel v. Henschel, supra.

Notice of fraud must be clear and undoubted with respect to prior rights, and sufficiently strong to make it fraudulent for the grantee to take and hold the property, and must be before the transaction. Raymond v. Flavel, 27 Or. 219, 40 Pac. 158; Ball v. Danton, 64 Or. 184, 129 Pac. 1039; Urdangen & G. Bros. v. Doner, 122 Iowa, 533, 98 N. W. 317.

Where a creditor receives only so much of the property of the grantor as will satisfy a pre-existing debt, the fact that he may know that his grantor is actuated by a desire to defraud his other creditors will not taint the transaction.   Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60, and cases cited; 20 Cyc. 472; Atlantic Ref. Co. v. Stokes, 77 N. J. Eq. 119, 75 Atl. 445; National Surety Co. v. Udd, 65 Wash. 471, 118 Pac. 347; Kerns v. Washington Water Power Co. 24 Idaho, 525, 135 Pac. 70; First Nat. Bank v. Eichmeier, 153 Iowa, 154, 133 N. W. 454; Sly v. Bell, 131 Iowa, 184, 117 Am. St. Rep. 417, 108 N. W. 227; G. Ober & Sons Co. v. Phillips-Burtoff Mfg. Co. 145 Ala. 625, 40

So. 278; Whiting v. Hoglund, 127 Wis. 135, 106 N. W. 391, 7 Ann. Cas. 224; Jackson v. Citizens Bank & T. Co. 53 Fla. 265, 44 So. 516; State use of Salomon v. Mason, 112 Mo. 347, 34 Am. St. Rep. 390, 20 S. W. 629.

The complaining creditor must show the grantee's participation in the fraud of which complaint is made. Blumer v. Bennett, 44 Neb. 873, 63 N. W. 14; Steinberg v. Buffum, 61 Neb. 778, 86 N. W. 491; Holt Mfg. Co. v. Bennington, 73 Wash. 467, 132 Pac. 30; Scholle v. Finnell, 167 Cal. 90, 138 Pac. 746; Commercial Nat. Bank v. Page, 45 Utah, 14, 142 Pac. 709.

*F. C. Heffron* and *L. A. Simpson,* for respondents.

It is sufficient to void a transfer as to all creditors if it is fraudulent as to one or any part of the creditors. Daisy Roller Mills v. Ward, 6 N. D. 317, 70 N. W. 271; Burt v. C. Gotzian & Co. 43 C. C. A. 59, 102 Fed. 937; Shauer v. Alterton, 151 U. S. 607, 38 L. ed. 286, 14 Sup. Ct. Rep. 442; Comp. Laws 1913, §§ 7220, 7290; Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320.

Transfers which defraud creditors, when made to relatives, are looked at and scrutinized much more closely and require much less evidence to set them aside, than if made to strangers. Whitson v. Griffis, 39 Kan. 211, 7 Am. St. Rep. 546, 17 Pac. 801; Plummer v. Rummel, 26 Neb. 142, 42 N. W. 336; Missinskie v. McMurdo, 107 Wis. 578, 83 N. W. 758; Mellier v. Bartlett, 106 Mo. 381, 17 S. W. 295; Burt v. Timmons, 29 W. Va. 441, 6 Am. St. Rep. 664, 2 S. E. 780.

And in such cases the relative is presumed to know the character of the transaction. Robson v. Hamilton, 41 Or. 239, 69 Pac. 651; Lusk v. Riggs, 70 Neb. 713, 97 N. W. 1033, 102 N. W. 88; Goodale v. Wheeler, 41 Or. 190, 68 Pac. 753.

A preference to a relative is also presumed to be fraudulent. Mendenhall v. Elwert, 36 Or. 375, 52 Pac. 22, 59 Pac. 805; Heffley v. Hunger, 54 Neb. 776, 75 N. W. 53; Stauffer v. Kennedy, 47 W. Va. 714, 35 S. E. 892; Bank of Colfax v. Richardson, 34 Or. 518, 75 Am. St. Rep. 664, 54 Pac. 359; Flint v. Chaloupka, 78 Neb. 594, 13 L.R.A. (N.S.) 309, 126 Am. St. Rep. 639, 111 N. W. 465; Simon v. Reynolds-Davis Grocery Co. 108 Ark. 164, 156 S. W. 1015.

Where the findings of the trial court are supported by substantial evidence, even though the entire evidence is conflicting, they should not

·be disturbed. Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; State ex rel. Morrill v. Massey, 10 N. D. 154, 86 N. W. 225; Webster v. White, 8 S. D. 479, 66 N. W. 1145; Caufield v. Bogle, 2 Dak. 464, 11 N. W. 511; First Nat. Bank v. Prior, 10 N. D. 146, 86 N. W. 362; Steinfort v. Langhout, 170 Iowa, 422, 152 N. W. 612.

One who has a valid, unquestioned judgment against his debtor in and by a court of competent jurisdiction is a creditor as against the fraudulent grantee of his judgment debtor. Salemonson v. Thompson, 13 N. D. 182, 101 N. W. 320.

The question of fraudulent intent is one of fact, and not of law, and the trial court in this case expressly found that there was fraudulent intent, and such finding should not be disturbed. Paulson v. Ward, 4 N. D. 100, 58 N. W. 792; Meighen v. Chandler, 20 N. D. 238, 126 N. W. 992.

Where the circumstances clearly show that the property was transferred for the purpose of placing it beyond the reach of the grantor's creditors, the transfer is fraudulent. Burt v. C. Gotzian & Co. 43 C. C. A. 59, 102 Fed. 937.

The judgment finally entered in pursuance of the litigation between the original parties should be binding upon the judgment debtor's grantee the same as it is between the parties. Decker v. Decker, 108 N. Y. 128, 15 N. E. 307; Gracey v. Davis, 3 Strobh. Eq. 55, 51 Am. Dec. 663; Watt v. Morrow, 19 S. D. 317, 103 N. W. 45; Soly v. Aasen, 10 N. D. 108, 86 N. W. 108; Lyon v. Plankington Bank, 15 S. D. 400, 89 N. W. 1017; Fluegel v. Henschel, 7 N. D. 276, 66 Am. St. Rep. 642, 74 N. W. 996; Satterwhite v. Hicks, 44 N. C. (Busbee, L.) 105, 57 Am. Dec. 577; Kansas Moline Plow Co. v. Sherman, 3 Okla. 204, 32 L.R.A. 33, 41 Pac. 623; Newell v. Wagness, 1 N. D. 62, 44 N. W. 1014; Billings v. Russell, 101 N. Y. 226, 4 N. E. 531; Marcus v. Leake, 4 Neb. (Unof.) 354, 94 N. W. 100; Garland v. Rives, 4 Rand. (Va.) 282, 15 Am. Dec. 756; Morley Bros. v. Stringer, 133 Mich. 690, 95 N. W. 978; Barhydt v. Perry, 57 Iowa, 416, 10 N. W. 820; Welch v. Bradley, 45 Minn. 540, 48 N. W. 440; Bostwick v. Blake, 145 Ill. 85, 34 N. E. 38.

Per Curiam.

This is an action to quiet title to a tract of land in Stark county, and

to restrain the sheriff of said county from selling the same upon an execution issued upon a judgment rendered in an action in the district court of Stark county, entitled William J. Noggle, Plaintiff, v. G. W. McClellan, Defendant.

The trial court made the following findings of fact and conclusions of law:

## Findings of fact.

1. That plaintiff, S. S. Sutherland, is a brother-in-law of said McClellan, and that Mark Sutherland is the father of plaintiff and the father-in-law of said McClellan.

2. That William J. Noggle was a partner of said McClellan in the coal and cement business in Dickinson for some time prior to May 29, 1911, and on that date, after some dispute, they dissolved partnership, said McClellan giving said Noggle in settlement certain notes upon which an action was brought in said district court, entitled William J. Noggle, Plaintiff, v. G. W. McClellan, doing business under the name of Dickinson Cement and Coal Company, Defendant, in which action a judgment was duly entered and docketed in favor of said Noggle and against said McClellan for seven hundred eight and 3/100 ($708.03) dollars on December 22, 1911, which judgment has not been paid; that at the time of commencing said action a writ of attachment was duly issued pursuant to which a levy was duly made on said premises by the sheriff of said Stark county.

3. That prior to May, 1911, said McClellan had purchased upon a contract said land from W. L. Richards and Charles Bakke, together with the south half of the same quarter section, and in May, 1911, owed said Richards and Bakke seven hundred ($700) dollars on the purchase price of said land. That, by fraudulent importunities by said McClellan, said Richards and said Bakke were induced to give said McClellan a deed to said land, and took a note from said McClellan for seven hundred ($700) dollars, which has never been paid.

4. That immediately after obtaining said deed and after giving said notes to said Noggle, said McClellan began disposing of his property, principally to S. S. Sutherland and said Mark Sutherland; that he gave said Mark Sutherland a bill of sale on June 1, 1911, of a large part of his personal property, to which bill of sale said S. S. Sutherland

was a witness, and which personal property was retained in the possession of said McClellan after June 1, 1911, to the same extent as before; that on June 1, 1911, he transferred his coal business to Schiller Brothers; that at about the same time he gave the Dakota National Bank a chattel mortgage on other personal property for sixteen hundred (\$1,600) dollars; that at about the same time he gave a bill of sale of his cement business to Anderson and Himmelspach, but continued to take cement contracts in his own name and for his own benefit under his established firm name of Dickinson Cement Company; that on June 7, 1911, with intent to defraud said Richards and Bakke and other creditors, said McClellan transferred said land to S. S. Sutherland; that said McClellan was owing said S. S. Sutherland the amount of seventeen hundred (\$1,700) dollars, which was approximately the value of the premises, upon a note dated May 17, 1911, due ninety days from date; that said S. S. Sutherland immediately thereafter mortgaged said land for five hundred thirty (\$530) dollars, and soon thereafter sold the south half of said southeast quarter to Dorothea W. Schweiger for twenty-four hundred (\$2,400) dollars.

5. That said transfers by said McClellan, including said transfer of said land by said McClellan to plaintiff, were made by said McClellan with an intent to defraud said McClellan's creditors and to hinder and delay them in the collection of their debts, and plaintiff knew, or should have known, that the said transfers to him and to others were made for said fraudulent purposes, and that said transfer of said land was not made in good faith.

From the foregoing findings of fact the court makes the following

## Conclusions of law.

1. That said transfer by said deed from George W. McClellan to plaintiff on June 7, 1911, of the northeast quarter and the south half of the southeast quarter of section twenty-four (24), township, one hundred forty (140) north, range ninety-six (96), west of the 5th P. M., was not made in good faith and was fraudulent and void as to the creditors of said McClellan.

2. That on June 7, 1911, defendant William J. Noggle was a creditor of George W. McClellan.

3. That defendant William J. Noggle is entitled to a judgment here-

in making his said attachment and judgment against said McClellan a valid lien on the northeast quarter of said southeast quarter of said section, and that said Noggle is entitled to have said land sold to satisfy said judgment.

Judgment was entered in accordance with these findings and conclusions, and plaintiff appeals, demanding a trial *de novo* in this court.

If the trial court's findings to the effect that McClellan transferred the land in question to Sutherland for a pre-existing indebtedness of $1,-700, "which was approximately the value of the premises," are correct, then the fact that McClellan may have intended by such transfer to prefer Sutherland over his other creditors, or even intended to defraud his other creditors, would not invalidate the transfer. Lockren v. Rustan, 9 N. D. 43, 81 N. W. 60; Merchant's Nat. Bank v. Collard, 33 N. D. 556, 157 N. W. 488.

In determining a similar question in Lockren v. Rustan, supra, this court said: "It has been held many times that where the grantee participated in the fraudulent intent, the fact that he paid full consideration would not save the conveyance when attacked by creditors of the grantor. See Wait, Fraud. Conv. 3d ed. § 201. But this rule in its entirety applies only to cases of purchase for a present consideration, and in such cases it is held that where the grantee purchases with knowledge of the fraudulent intent on the part of his grantor, that fact alone fixes his participation in the fraud. Greenleve v. Blum, 59 Tex. 127; Wait, Fraud. Conv. 3d ed. § 199. *But a different rule prevails where the conveyance is made in satisfaction of a pre-existing indebtedness. There the effect of the transaction is to prefer one creditor to another, and that a debtor has a right to do unless restrained by statute. If the creditor receives only so much property as is reasonably necessary to satisfy his debt, and receives it in good faith for that purpose, the fact that he may know that his grantor is actuated solely by a desire to defraud his other creditors will in no manner taint the transaction.* [Citation of authorities.] The reasons that have been assigned for the distinction between one who purchases for a present consideration and one who purchased in satisfaction of a pre-existing debt are sound and unassailable. The former is in every sense a volunteer. He has nothing at stake,—no self-interests to serve. He may, with perfect safety, keep out of the transaction. Having no motive of interest prompting him

to enter it, if yet he does enter it, knowing the fraudulent purpose of the grantor, the law, very properly, says that he enters it for the purpose of aiding that fraudulent purpose. Not so with him who takes the property in satisfaction of a pre-existing indebtedness. He has an interest to serve. He can keep out of the transaction only at the risk of losing his claim. The law throws upon him no duty of protecting other creditors. *He has the same right to accept a voluntary preference that he has to obtain a preference by superior diligence. He may know the fraudulent purpose of the grantor, but the law sees that he has a purpose of his own to serve, and, if he go no further than is necessary to serve that purpose, the law will not charge him with fraud by reason of such knowledge."*

Consequently, if the facts are as found by the trial court, the judgment should be reversed and judgment rendered in favor of the plaintiff. Respondents' counsel, upon the oral argument, asserts, however, that the trial court was in error in finding that McClellan was indebted to Sutherland in the sum of $1,700, or anywhere near that amount. Respondents' counsel claims that the several notes are renewals and represent the same indebtedness. This question was not referred to in the printed brief, and while there is much force in respondents' contention, the evidence upon this feature of the case is not so full or persuasive that we feel justified in saying that the trial court erred in its finding with respect thereto. It appears to us, however, that the cause was tried upon this theory, and the trial court assumed the law to be contrary to that announced by this court in Lockren v. Rustan, supra, and that neither the trial court nor counsel considered the question of the amount of such indebtedness of any controlling importance herein.

A majority of this court is therefore of the opinion that the ends of justice would be best subserved by permitting a retrial of this issue And under the precedent set by Landis v. Knight, 23 N. D. 450, 137 N. W. 477, and Williams County State Bank v. Gallagher, ante, 24, 159 N. W. 80, a retrial of the action is ordered.

It is further ordered that the costs of this appeal abide the result of such new trial.

BURKE, J. (dissenting). The first opinion of this court affirming the judgment meets with my present views. It is our duty to try the issues

35 N. D.—35.

and end this litigation.   No more evidence can be adduced next trial, and nothing is to be gained by remanding the case.   I therefore dissent.