CORA KING, formerly Cora Schwer, Appellant, v. CARL E. TALL-
MADGE et al., Respondents.

(178 N. W. 280.)

**Appeal and error — supreme court not required to render final judgment
when justice demands new trial.**

1. The supreme court is not required to render final judgment in all cases
wherein a trial *de novo* is demanded. Where it deems such course necessary
to the accomplishment of justice, it will remand the case for a retrial in the
district court.

**Appeal and error — where necessary for the accomplishment of justice,
cause will be remanded.**

2. For reasons stated in the opinion, the instant case is remanded for a
new trial in the district court.

Opinion filed July 18, 1920.

From a judgment of the District Court of Billings County, *Crawford,
J.*, plaintiff appeals.

Remanded for a new trial.

*Simpson & Mackoff* and *S. Pomerance,* for appellant.

"It is a general rule, to which there are certain exceptions, that a
person may not be the agent for both the contracting parties at the same
time." 2 C. J. 448, 712, §§ 47 c, 367 j.

"An agent can never have authority, either actual or ostensible, to
do an act which is and is known or suspected by the person with whom
he deals to be a fraud upon the principal." N. D. Comp. Laws, § 6327.

*Thos. H. Pugh* and *Otto Thress,* for respondents.

"Agency will not be presumed, and where its existence is denied the
burden of proof is upon him who asserts its existence." Martinson v.
Kershner, 32 N. D. 46, 155 N. W. 37.

"When the agency is to be inferred from the conduct of the principal,
that conduct furnishes the only evidence of its extent, as well as of
its existence. When the belief of the authority of an agent arises only
from previous actions on his part as an agent, the persons treating with
him must, on their own responsibility, ascertain the nature and extent
of his previous employment." 2 C. J. 560, 561, §§ 202–204.

A deed cannot be delivered to the grantee as an escrow. Sargent v. Cooley, 12 N. D. 7, 94 N. W. 576; Ueland v. More Bros. 22 N. D. 283, 133 N. W. 543; Comp. Laws 1913, § 5497.

When one of two innocent persons must suffer by the actions of a third, he by whose negligence it happened must be the sufferer. Comp. Laws, § 7277; Bank v. Elevator, 35 N. D. 619, 161 N. W. 287; Stoffels v. Brown, 37 N. D. 272, 163 N. W. 834.

The evidence sufficient to set aside a deed must be clear, specific, satisfactory, and convincing. Jasper v. Hagen, 4 N. D. 1, 23 L.R.A. 58, 58 N. W. 454; McGuin v. Lee, 10 N. D. 160, 86 N. W. 714; Miller v. Smith, 20 N. D. 100, 126 N. W. 499; Weist v. Bank, 32 N. D. 187, 155 N. W. 17; L.R.A.1916B, 192. et seq. where the cases are collated.

CHRISTIANSON, Ch. J. The plaintiff brought this action to rescind a certain transaction whereby she agreed to convey to the defendant Tallmadge certain lands in Billings county in exchange for a residence located in Cooperstown in this state. The transaction was negotiated through one Grassinger. One of the controverted questions is whether Grassinger was Tallmadge's representative, or whether he acted for the plaintiff. The plaintiff claims that she was induced to make the deal through false and fraudulent representations. During the course of the trial she testified to certain representations in addition to those set forth in the complaint; and upon motion of her attorney she was permitted to serve and file an answer to conform to the proofs. The trial court, in a memorandum opinion, intimated that he was of the opinion that plaintiff had been defrauded, but that, on account of her failure to preserve the property she received from the defendant in exchange, a rescission could not be had. The findings of fact are, however, in favor of the defendant upon all material points.

A careful consideration of the evidence leaves us very much in doubt as to what disposition should be made of the case. Upon many features the evidence is quite unsatisfactory as viewed from the standpoint both of the plaintiff and of the defendant. It also seems clear that both parties are or will be in position to adduce additional evidence which will clarify the situation. Upon the record presented, we do not feel justified in reversing the judgment, nor do we feel justified in affirming

it. We believe rather that the case is one where the interests of justice will be best subserved by remanding the case for a retrial in accordance with the precedents set by Landis v. Knight, 23 N. D. 450, 137 N. W. 477; Williams County State Bank v. Gallagher, 35 N. D. 24, 159 N. W. 80; Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000.

It is therefore ordered that the case be remanded for a retrial. All costs, including the costs of this appeal, will abide the result of the final judgment.