BLANCHE WILKE, Appellant, v. THE MERCHANTS STATE BANK OF RICHARDTON, a Corporation, and Fred V. Stein, Respondents.

(215 N. W. 77.)

**Appeal and error — supreme court may remand case for retrial.**

1. Following King v. Tallmadge, 45 N. D. 530 (and other decisions), it is *held* that the supreme court is not required to render final judgment in all cases wherein a trial de novo is demanded; but that, where such course is deemed necessary to the accomplishment of justice, the case will be remanded for a retrial in the district court.

**Case remanded for new trial.**

2. For reasons stated in the opinion, the instant case is remanded for a new trial in the district court.

Opinion filed August 16, 1927.

Appeal and Error, 4 C. J. § 3230 p. 1192 n. 60 New.

Appeal from the District Court of Dunn County, *Pugh, J.*

Plaintiff appeals from the judgment and from an order denying a new trial.

Remanded for a new trial.

*F. E. McCurdy,* for appellant.

*Crawford, Cain & Burnett* and *M. L. McBride,* for respondents.

PER CURIAM. Plaintiff brought this action to compel the defendants to transfer to her a certain half section of land in Dunn county in this state. Plaintiff also asked for an accounting of the crops raised on said land during the years 1919, 1920, 1921, 1922 and 1923. The trial court made findings and conclusions in favor of the defendants as regards the title to the real estate, but found that there was due to the plaintiff from the defendant Merchants State Bank of Richardton upon the accounting had certain sums which in the ag-

Annotation.— (1) On right of court to remand case for retrial, see 2 R. C. L. 284, 285; 1 R. C. L. Supp. 490; 4 R. C. L. Supp. 403; 5 R. C. L. Supp. 92; 6 R. C. L. Supp. 85.

gregate, together with interest, amounted to $1,778. After entry of judgment the plaintiff moved for a new trial on the ground of newly discovered evidence. The motion was denied and plaintiff has appealed from the judgment and also from the order denying the motion for a new trial.

The facts necessary to an understanding of the controversy are substantially these: In 1912 the plaintiff, Blanche Wilke, became the owner of a half section of land in Dunn county in this state. In June, 1916, she sold the land to one Heckel on the crop-payment plan. The sale was negotiated as the result of correspondence had between the defendant bank and the plaintiff's husband. Heckel was or became indebted to the defendant bank and, during the years following, the bank held chattel mortgages on his crops including his share of the crops grown on the land involved in this action. The plaintiff bank, or its officers, acted as representatives of the plaintiff in looking after her interests in receiving the payments from Heckel. During the years 1916 to 1923 there was a voluminous correspondence between them which is part of the record in this case. The taxes upon the land were not paid and the land was sold at the tax sale held in 1919 for the delinquent taxes of 1918 and a tax sale certificate was issued to one Joseph Fisher. On February 10, 1923 the tax sale certificate was assigned by Fisher to the defendant Stein. Thereafter in due time Stein caused the tax sale certificate to be filed with the county auditor, and notice of expiration of time for redemption was issued and served and in due time a tax deed was issued to the defendant Stein for the land in question, such deed being dated August 14, 1923.

Plaintiff brought this action upon the theory that the defendant Merchants State Bank of Richardton was her agent entrusted to look after her interests as regards the land in question and that it was a breach of the duty which it owed to her to purchase an outstanding tax sale certificate against the premises and obtain title to the property through proceedings had upon such tax sale certificate; that although the tax certificate was purchased by Fisher and by him assigned to Stein this was a mere subterfuge and that the defendant bank was and is the real party in interest and that it furnished the money and in fact is the real owner and holder of the tax title. The defendants,

on the other hand, contend that the defendant bank was not an agent of the plaintiff for any purpose other than to look after the crops raised on the premises; that the defendant bank had nothing whatever to do with purchasing the tax sale certificate or in obtaining an assignment thereof or procuring the issuance of a tax deed. The trial court found: "It is not shown that the bank now has title to the premises involved." The court further found that the defendant Stein transferred his interests in the premises to one John Muggli, cashier of the defendant bank and that said John Muggli on the 15th day of July, 1925, transferred his interest in the premises to the Richardton Corporation.

The plaintiff has asked for a trial anew. She claims that the trial court should have rendered judgment in her favor compelling the defendant bank to cause the land in suit to be transferred to her. The defendant Merchants State Bank of Richardton contends that the trial court erred in its findings of fact as to the quantity of grain which it received from Heckel for the plaintiff.

A careful consideration of the evidence leaves us very much in doubt as to what disposition should be made of this case. It will be observed that the title to the premises, according to the facts found by the trial court, is vested in the Richardton Corporation which is not a party to this action, and the record does not disclose that any lis pendens was filed. Hence, so far as the record discloses, an adjudication of the title as between the present parties might be wholly without any practical effect. Wholly aside from the question of the absence of a material party, we find the evidence far from satisfactory. What has been said as regards the evidence on the question of title is even more true as regards the evidence in the matter of the accounting. The defendant bank held chattel mortgages upon crops produced by Heckel and it contends that the trial court erred in considering the evidence as to quantities of grain and that it held the defendant bank liable as having received grains from Heckel for the plaintiff, which in truth and in fact did not belong to the plaintiff under its contract but were grains upon which the plaintiff had no claim and upon which the defendant bank had a first lien by virtue of chattel mortgages from Heckel. An examination of the evidence leaves us very much in doubt upon this phase of the case; and it seems to us that, both upon

the question relating to title and upon the questions involved in the accounting, the parties are or should be in position to adduce additional evidence which would tend to clarify the respective issues.

Upon the record presented we do not feel justified in either reversing or modifying any part of the judgment, nor do we feel justified in affirming it. We believe, rather, that the case is one where the interests of justice will be best subserved by remanding the case for a new trial in accordance with the rule announced by this court in Landis v. Knight, 23 N. D. 450, 137 N. W. 477; Williams County State Bank v. Gallagher, 35 N. D. 24, 159 N. W. 80; Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000; and King v. Tallmadge, 45 N. D. 530, 178 N. W. 280.

It is therefore ordered that the case be remanded for a new trial with permission to either party to make application to the trial court for leave to bring in such additional parties as may be necessary for a determination of the rights of all parties interested in the controversy. All costs, including the costs of this appeal, will abide the result of the final judgment.

BIRDZELL, Ch. J., and NUESSLE, BURKE, and BURR, JJ., concur.