[File No. 6249.]

FIRST NATIONAL BANK OF MINNEAPOLIS, MINNESOTA, a Foreign Corporation, Respondent, v. S. O. CROSBY and Josephine Crosby, Appellants.

(255 N. W. 181.)

Opinion filed August 2, 1934.

*E. R. Sinkler* and *G. O. Brekke,* for appellants.

716

*Palda, Brace & Palda,* for respondent.

HUTCHINSON, Dist. J.  This action was brought by the plaintiff to set aside certain conveyances executed by the defendant S. O. Crosby to his wife Josephine Crosby.  The case was tried by the court and resulted in a judgment for the plaintiff.  The defendants have appealed to this court and ask for a trial de novo.

It appears from the evidence that the defendants, S. O. Crosby and Josephine Crosby, are husband and wife; that for some years prior to 1929, S. O. Crosby owned and had title to six quarters of land located in Burke County, North Dakota, which said real estate is involved in this action; that in January, 1929, S. O. Crosby executed several deeds to Josephine Crosby, his wife, conveying this real property to her; that these deeds were delivered to the grantee about the time of their execution and were kept in the safety deposit box of S. O. Crosby, to which Josephine Crosby had access.  In December, 1929, S. O. Crosby borrowed from the Union Bank of Portal, $1,700, evidenced by a note for that sum, due March 15, 1930.  This note was,

in due course, sold and transferred to the plaintiff. On August 22, 1930, the Union Bank of Portal closed. On August 27, 1930, Josephine Crosby caused to be recorded the deeds which her husband had executed and delivered to her in January, 1929. In 1931, the plaintiff brought suit against S. O. Crosby upon the note, and on December 9, 1931, the plaintiff entered judgment against him for $2,022.15. Thereafter the plaintiff caused execution to issue upon this judgment and the sheriff levied upon the interest of S. O. Crosby in and to the real property which S. O. Crosby had heretofore conveyed to Josephine Crosby. The plaintiff then commenced this action, and in its complaint, in substance, alleges: That the plaintiff on December 9, 1931, obtained a judgment against S. O. Crosby upon a claim which accrued prior to the conveyances afterwards described in this complaint; that the judgment was duly docketed and an execution issued out of the office of the clerk of the district court and delivered to the sheriff who found that S. O. Crosby did not have sufficient personal property out of which to satisfy the execution, and thereafter levied upon all the interest of S. O. Crosby in certain real property afterwards described in the complaint; that on or about August 27, 1930, S. O. Crosby conveyed to his wife, Josephine Crosby, the real property which is the subject of this action; that S. O. Crosby made such conveyances without consideration and with intent to hinder and defraud the plaintiff in the collection of its claim, and the conveyances were received by Josephine Crosby with full knowledge of such intent and with the design of aiding S. O. Crosby to accomplish his purpose; that at the time of making the conveyances, the defendant S. O. Crosby conveyed so much of his property that there was not left sufficient of record in his name to satisfy plaintiff's claim; that the plaintiff has no plain, speedy, and adequate remedy at law. The plaintiff asked judgment decreeing said conveyances fraudulent and void and setting the same aside that the sheriff might proceed under his levy to sell the real property to satisfy the execution. The defendants, by answer, admitted the execution and delivery of the deeds, but alleged that the conveyances were made prior to the giving of the note by S. O. Crosby to the Union Bank of Portal. The defendants also allege that S. O. Crosby was indebted to Josephine Crosby in the sum of $18,450, and that the conveyances were made to pay and satisfy that indebtedness and were made

in good faith and without intent to defraud. Upon the issues joined by these pleadings the case was tried to the court.

The evidence admitted is not extensive. Both defendants were called by the plaintiff for cross-examination. Both testified that the conveyances in question were executed and delivered in January, 1929, about the time of their date. The plaintiff also called the notary public who had prepared the deeds and who took the acknowledgments upon the deeds. The notary public testified that the deeds were, in fact, executed at the time of their date and that Josephine Crosby was present at least a part of the time while the deeds were being·executed. No other evidence was submitted with reference to the execution and delivery of the deeds. There was some evidence submitted as to the value of the property conveyed and as to the demand of the plaintiff upon S. O. Crosby for the payment of the note. The evidence surrounding the transaction at the time S. O. Crosby executed and delivered his note to the Union Bank of Portal is very meager and unsatisfactory. The record does not disclose whether or not the officers of the Union Bank of Portal had any knowledge of the transfers made by S. O. Crosby to his· wife at the time they extended him credit, nor does it disclose whether the bank relied upon the ostensible ownership of S. O. Crosby in the real property. Upon the whole, the evidence is not sufficient to sustain all of the findings and the judgment entered by the district court. There is some evidence of estoppel, but estoppel has not been pleaded. Under the state of the record, it is the opinion of the court that justice will be best served by remanding the case to the district court for retrial, with permission to both parties to amend their pleadings if they desire. Upon the authority of Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000, and the cases there cited, the case is accordingly remanded for retrial. It is further ordered that the costs of this appeal abide the result of the retrial.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and BURKE, JJ., concur.

MOELLRING, J., disqualified, did not participate, Hon. W. H. HUTCHINSON, Judge of Third Judicial District, sitting in his stead.