Della B. KUECKS and Roger L. Dell,
Petitioners and Respondents,

v.

Vaughn COWELL, Gerald Schroeder, Alf
Nelson, Einar Holden and Roy O. Jacob-
son, constituting the Board of County Com-
missioners of Barnes County, North Da-
kota, A. W. Wentz, State Highway Com-
missioner, Elsie Lossau, Clerk of the Dis-
trict Court, and C. T. Bechtle, County Audi-
tor, Barnes County, North Dakota, Re-
spondents and Appellants.

No. 7834.

Supreme Court of North Dakota.

July 27, 1959.

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, and Francis Breidenbach, Asst. Attys. Gen., for respondents-appellants.

Charles G. Bangert, Enderlin, for petitioners-respondents.

TEIGEN, Judge.

The petitioner-respondent landowners appealed to the District Court of Barnes County, naming the Board of County Commissioners of Barnes County, the State Highway Commissioner, Clerk of the District Court and the County Auditor of Barnes County as respondents. In their notice of appeal to the said District Court they stated they felt themselves aggrieved by the proceedings of the commissioners and therefore appeal from an award made for taking 7.71 acres for highway purposes and appeal from the award of damages and demand a jury trial. In the abstract certified to this court there is no record of any proceedings before the County Commissioners of Barnes County. The petitioners having demanded jury trial, however, later waived a jury trial and consented to try the case to the court. A pre-trial conference was had before the trial judge at which pre-trial conference a stipulation was made as follows:

"Now the same stipulation is made in this Kuecks case as was made in the Maxwell case, except that the parties are Della B. Kuecks, John Kuecks, and Roger L. Dell vs A. W. Wentz, State Highway Commissioner."

And it was then further stipulated another stipulation be considered in this case as was made in the said Maxwell case, which was as follows:

"It is stipulated and agreed by and between the parties that the following shall be received in the trial of this case: That the plat, Exhibit A, shall be received subject to any corrections that may be required. And the parties to the action are William Maxwell, petitioner, vs A. W. Wentz, State Highway Commissioner. They will be the parties to the action. And Exhibit A, the plat showing what property is taken, should be received in evidence without any further identification; and the plaintiff reserves the right to correct any errors that may be in the plat."

It was also stipulated that the property described in the Maxwell Exhibit A, has been taken for highway purposes and that a deposit has been made. When this stipulation was offered the attorney for the Highway Commissioner stated: "We would object to any of that. We can stipulate a deposit has been made but we will object to any amount being mentioned." Whereupon the attorney for the landowners stated: "Well, you are willing to stipulate that a deposit has been made?" to which he received an affirmative reply. It appears the resulting stipulation, as applied to the instant case, resulted in the following agreement.

That the plat, Exhibit A, be received in evidence subject to any corrections that may be required. That the parties to the appeal consist of Della B. Kuecks, John Kuecks and Roger L. Dell as petitioners, v. A. W. Wentz, State Highway Commissioner as respondent. That the property described in the Kuecks' Exhibit A has been taken for highway purposes. That deposit has been made but the amount thereof is not admitted in evidence.

The case was tried to the court, subsequent thereto judgment was entered against all of the defendants named in the notice of appeal, to wit, the County Commissioners, naming them, A. W. Wentz, State Highway Commissioner, the Clerk of the District Court, and the County Auditor of Barnes County. Further it appears the petitioners remain as in the notice of appeal, namely, Della B. Kuecks and Roger L. Dell, John Kuecks' name being omitted.

It having been stipulated that the amount of the deposit be omitted from the evidence and further that a careful reading of the

transcript of the evidence and exhibits adduced at the trial fails to disclose any evidence as to the amount of the deposit, nevertheless the court in his memorandum decision and findings of fact found that an offer of $750 was made, broken down as follows: for 7.71 acres of land at $60 per acre, $462 and general damages $287 which the court found was not sufficient, and thereafter proceeded to assess additional damages.

This appeal was taken from the whole of the judgment and from the order of the court denying a motion for new trial and a trial de novo of all issues of fact and law was demanded.

Judgment was rendered against the members of the Board of County Commissioners of Barnes County, the State Highway Commissioner, the Barnes County Clerk of the District Court and the Barnes County Auditor. This was incorrect according to the stipulation. It is apparent the District Judge considered the appeal was taken from an award made by the County Commissioners. As previously stated, none of the records of the proceedings had before the appeal to the District Court are made a part of the judgment roll and we do not know what took place.

The appellant, State Highway Commissioner, in his brief argues that the Highway Commissioner did not petition the Board of County Commissioners for a determination of damages as provided in Section 24–0119 of the 1957 Supplement to the NDRC 1943; but an informal hearing before the County Commissioners was held prior to the deposit made by the State Highway Commissioner with the Clerk of Court. However, the findings of the County Commissioners amounted only to a recommendation to the State Highway Commissioner. The hearing had no legal status, was not held pursuant to any law but was set up by the State Highway Commissioner informally merely for the purpose of providing an opportunity for the landowners and the Highway Commissioners'

representatives to present their evidence as to damages to an impartial board to assist the Highway Commissioner in determining an amount to offer to purchase and to deposit with the clerk of court. The record certified to us on appeal, however, is entirely silent on the matter.

The State Highway Commissioner in his brief also argues that this was a proceeding pursuant to Section 14 of the Constitution as amended which authorizes him to acquire land for highway purposes. He states the procedure and the right is set forth therein. Section 14 of the Constitution as amended reads:

"Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner. No right of way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, provided however, that when the state or any of its departments, agencies or political subdivisions seeks to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the clerk of the district court of any county wherein the right of way is located. The clerk shall immediately notify the owner of such deposit. The owner may thereupon appeal to the court in the manner provided by law, and may have a jury trial, unless a jury be waived, to determine the damages."

■ The statutory method for perfecting an appeal from such a taking and deposit by a department of the state was provided for by the legislature and is contained in Section 24–01221 of the 1957 Supplement to the NDRC 1943, which pro-

vides that the appeal to the District Court is accomplished by the serving of a notice of appeal upon the acquiring agency, which in this instance, is the State Highway Commissioner. Therefore, the County Commissioners, the Clerk of the District Court and the County Auditor of Barnes County are not proper parties to the appeal and judgment may not be rendered against them.

This Court held prior to the adoption of the constitutional change and under the statutes as they then existed, to wit, Sections 24–0118, 24–0119, 24–0123, NDRC 1943 and the other related statutes that the Board of County Commissioners were not proper parties respondent on an appeal from their decision and the judgment on appeal may not be rendered against them. Lineburg v. Sandven, 74 N.D. 364, 378, 21 N.W.2d 808.

The issues heretofore set forth are not raised on the appeal but are set forth herein so that they may be corrected because the case must be sent back for retrial. The only matter for determination before this court is the question of damages. The record is in such state that it is impossible for this court to determine what procedure was followed by the State Highway Commissioner because of a complete absence thereof in the judgment roll.

■ Section 14 of the Constitution as amended provides that when the state or any of its departments, agencies or political subdivisions seek to acquire right of way, it may take possession upon making an offer to purchase and by depositing the amount of such offer with the Clerk of the District Court. The said Clerk shall immediately notify the owner of such deposit and the owner may thereupon appeal to the court in the manner provided by law. The constitutional amendment is subsequent in the point of time (being approved June 26, 1956) to Section 24–0118, Section 24–0119 and Section 24–0123, 1957 Supplement to the NDRC 1943, providing that the State Highway Commissioner by order may purchase, acquire, take over or condemn land for highway and accessory purposes, and if unable to purchase, to petition the Board of County Commissioners to proceed to ascertain and determine the damages and make awards and providing that any party aggrieved by the proceedings of the County Commissioners in determining the award may appeal as provided therein. However, Section 24–01221 of the 1957 Supplement to the NDRC 1943 (Section 1 of Chapter 189 of the Session Laws of 1957), and subsequent in the point of time to the approval of the amendment of Section 14 of the Constitution provides the statutory manner, method and time for appeal to the District Court and is complete in itself. It therefore appears that by constitutional mandate set forth in Section 14 of the Constitution as amended and approved by the voters of the State of North Dakota on June 26, 1956, and Section 24–01221 of the 1957 Supplement to NDRC 1943 the statutory provisions contained in Sections 24–0118, 24–0119 and 24–0123 became inoperative and inapplicable where they are in conflict with the constitutional amendment and subsequent statute and of no effect so far as the state or any of its departments, agencies or political subdivisions are concerned seeking to acquire right of way. Dawson v. Tobin, 74 N.D. 713, 24 N.W.2d 737; 11 Am.Jur. Sec. 36, p. 642, 16 C.J.S. Constitutional Law § 43, p. 134. It appears that the District Judge tried the case on the theory that an award had been made by the County Commissioners, that the appeal by the landowners was taken upon the mistaken belief that it was an appeal from an award by the County Commissioners and that the State Highway Commissioner raised no objection and the error was not set forth as a specification of error. He merely makes reference thereto in his brief to this court.

The controversy arose out of the claim of the respondent landowners that the award for damages to a strip of land taken for highway purposes was insufficient. It appears from the testimony that the plaintiff, Della B. Kuecks, is the owner of a

section of land from which the State Highway Commissioner had determined to take for highway improvement purposes, the East 100 feet of the North 4,318.5 feet, the East 60 feet of the North 347 feet of the South 963.5 feet and the East 100 feet of the South 616.5 feet of said section, and excepting therefrom all that portion lying within 33 feet of the section line, the taking consists of 7.71 acres, more or less. Thus the taking was a narrow strip of land approximately 77 feet wide and a mile long, except in the vicinity of the farmyard where the taking was of a width of 27 feet. The taking was located at the east side of the section abutting the then Highway No. 32. The major portion of the land taken was farming or crop land. The portion of the farmyard taken contained a garden, some shrubs and a pile of dirt. (The pile of dirt consisted of dirt removed from an excavation located in the farmyard outside the area taken. A basement had been constructed and the landowners testified they intended to use the pile of dirt to fill the grade around the foundation.) About one-fourth to one-half mile north of the buildings was located the end of a strip of trees which extended in an east and west direction. Thus the landowners contended that there were contained upon the strip of land taken certain improvements. The evidence adduced by the landowners values the land separately from the improvements heretofore named and the cost of moving a fence located within the strip taken to land owned paralleling the strip and consequential damages. Several witnesses were called. John Kuecks, husband of Della B. Kuecks, record owner of the land, testified that he removed over one-half mile of fence and rebuilt some of it. That the reasonable cost of taking down the fence and setting it up again was $125. That he obtained an estimate from an excavating contractor which was introduced as an exhibit and reading as follows:

"I, the undersigned agree to grade the area around the Della and John Kuecks farmhouse for the sum of $300.00 as is necessary to make a respectable job."

And in his testimony connected this cost with the loss of the pile of dirt taken from the excavation and piled in a location within the land taken.

Della B. Kuecks, owner of the section, testified that the land taken was worth $75 per acre. She also testified she counted the trees and found the count to be 1,009 good trees, 96 of which were too large for nursery sale purposes, leaving a balance of 913 trees which she claimed to be salable. This witness also placed a value of $100 on that part of the garden which was taken and that the strip taken from the farmyard, which included the part of the garden taken and a lilac bush at a reasonable value of $300.

A real estate and insurance man called by the landowner testified he had made an appraisal which was submitted as written Exhibit No. 6, set forth as follows:

"7.71 acres of land at an agreed consideration of $60.00, $462.00,
Dirt out of basement and temporary piled on land taken, 300.00,
Moving fences, woven wire and two barb wires, 125.00
1000 or more ash trees at $1.00 each 1000.00
Damage to trees and shrubs in farmyard, garden spot and farmyard, 300.00

Total Damage, $2187.00

On cross-examination he testified he had not appraised the whole farm. On cross-examination he testified the taking of the land involved would not, in his opinion, decrease the value of the remaining farm except for the removal of the trees. This, he believed would decrease the value of the farm by $1,000 but based this opinion upon the testimony of a nursery man and the count by the landowner.

A local nursery owner testified he had examined the trees in question and estimated their value for nursery purposes but also testified on cross-examination there was no fixed market for these trees; that in his experience in the nursery business

he had never had occasion to purchase similar trees; that he had not made a count of the trees in question. He testified the trees were not properly cared for for nursery purposes, they were not pruned, nor root pruned. There is no evidence in the record that the land was used as a nursery or that it was the intent or purpose that the trees be sold as nursery stock. This was all of the evidence adduced by the respondent landowners. The State Highway Commissioner produced one witness on the question of value. He was accepted as an expert and testified that he appraised the property in question and found that it contained 640 acres which he valued at $28,800 before taking and $28,-453.05 after the taking or a difference of $346.95. This is the only competent evidence in the record on the question of just compensation, however we feel the petitioners, too, should adduce competent evidence for the Court's consideration before determination is finally made.

The trial judge filed a memorandum decision wherein he stated his conclusions with respect to the law and the facts in the case as follows:

"The petitioners were allowed $750.00 by the county commissioners, which included 7.71 acres of land at $60.00 an acre and general damages in the amount of $287.40, making a total of $750.00."

"The court will grant the petitioners the amount allowed together with an additional finding in favor of the petitioners for reconstruction of fencing which was removed amounting to $125.00, and the further sum of $500.00 for damage to Ash trees destroyed, making a total amount of damages allowed to the petitioners in the amount of $1325.00 for damages to their trees, yard, dirt removed, fencing and so forth. The reason for not allowing more for the trees is that according to the testimony there was no market value for those Ash trees at the present time, and the nurseryman testified as to their value if there was a market value, and the court will allow $500.00 for such Ash trees destroyed. There will be no amount allowed for dirt intended for the basement and removed by the highway department, nor for damage to the yard."

The law applicable to the term, "just compensation" and "taken or damaged" as used in Section 14 of the Constitution is pretty well settled in the State of North Dakota.

Section 32-15031 of the 1957 Supplement to the NDRC 1943, declares the legislative intent that limits the estate that may be taken or acquired by the State of North Dakota or its political subdivisions for highway purposes to that of an easement.

Section 32-1522, NDRC 1943, provides the jury, the court or referee if a jury is waived must hear such legal testimony as may be offered by any of the parties to the proceeding and thereupon must ascertain and assess:

"1. The value of the property sought to be condemned and all improvements thereon pertaining to the realty and of each and every separate estate or interest therein. If it consists of different parcels, the value of each parcel and each estate and interest therein shall be separately assessed;

"2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff;

"3. If the property, though no part thereof is taken, will be damaged by the construction of the proposed im-

provement, the amount of such damages;

"4. If the property is taken or damaged by the state or a public corporation, separately, how much the portion not sought to be condemned and each estate or interest therein will be benefited, if at all, by the construction of the improvement proposed by the plaintiff, and if the benefit shall be equal to the damages assessed under subsections 2 and 3, the owner of the parcel shall be allowed no compensation except the value of the portion taken, but if the benefit shall be less than the damages so assessed the former shall be deducted from the latter and the remainder shall be the only damages allowed in addition to the value of the portion taken;

"5. As far as practicable, compensation must be assessed separately for property actually taken and for damages to that which is not taken."

We think the statutory law is well settled on matters that are of importance in the retrial of this case in the following North Dakota cases: Northern States Power Co. v. Effertz, N.D., 94 N.W.2d 288; Little v. Burleigh County, N.D., 82 N.W. 2d 603; Olson v. Thompson, N.D., 74 N.W. 2d 432; Wishek Investment Company v. McIntosh County, 77 N.D. 685, 45 N.W.2d 417; City of Bismarck v. Casey, 77 N.D. 295, 43 N.W.2d 372; Lineburg v. Sandven, 74 N.D. 364, 21 N.W.2d 808, and Tri-State Telephone and Telegraph Company v. Cosgriff, 19 N.D. 771, 124 N.W. 75, 26 L.R.A., N.S., 1171; See also 29 C.J.S. Eminent Domain § 173, p. 1042, 18 Am.Jur. Sec. 242, pp. 875, 878.

■ The appellant demands a trial de novo in this court. However, while the issues are very plain and simple we find the evidence in the record is insufficient, vague and improper, as to the matter of just compensation. We feel the accomplishment of justice requires a new trial. This court, of course, is most anxious when possible to re-try the cases appealed for trial de novo and determine them on the merits, thus ending the litigation. We are prevented from so doing where the evidence as in this case is in such condition to make it impossible to do so under the law and we see no alternative but to remand the cause for a new trial. Such action is necessary to the accomplishment of justice. Section 28–2732, NDRC 1943; Wilke v. Merchants' State Bank of Richardton, 55 N.D. 603, 215 N.W. 77; King v. Tallmadge, 45 N.D. 530, 178 N.W. 280; Sutherland v. Noggle, 35 N.D. 538, 160 N.W. 1000; Williams County State Bank v. Gallagher, 35 N.D. 24, 159 N.W. 80; Landis v. Knight, 23 N.D. 450, 137 N.W. 477.

It is therefore ordered the case be remanded for new trial. No costs are awarded on the appeal against either party.

SATHRE, C. J., and BURKE, MORRIS and STRUTZ, JJ., concur.