A. W. WENTZ, Highway Commissioner of
the State of North Dakota,
Respondent,

v.

Anton F. and Petronella PLETKA,
Appellants.

No. 7921.

Supreme Court of North Dakota.

March 2, 1961.

Dahl & Dahl, Grafton, for appellants.

Robert M. Fair, Grafton, for respondent.

TEIGEN, Judge.

This is a proceeding under Chapter 32–24, NDCC and involves certification to this court of questions of law.

In the latter part of 1957 and the early part of 1958, the state highway department of this State carried on administrative proceedings to acquire a certain 100-foot strip of right of way from lands adjacent to a section line for the purpose of developing State Highway No. 18 in Walsh County, North Dakota. The landowners appealed on the question of damages. The parties stipulated that the matter be tried to the court without a jury. The trial judge and the attorneys for both parties disagreed as to the statutes applicable on the question of damages. Both parties thereupon joined in moving the court to certify the following questions of law to this court.

In the trial before the district court, the parties stipulated that all proceedings had prior to the appeal were regular and valid and that the only issue for trial in the district court is the question of damages. There is no question in this proceeding of irregularity of the administrative proceedings before the appeal. We

therefore, construe the proceedings had before appeal to have been in accordance with the Constitution and the statute governing the taking of right of way by a department of the State. This was clearly construed in the case of Kuecks v. Cowell, N.D., 97 N.W.2d 849, in which the law was clearly stated in the syllabus as follows:

"Section 14 of the Constitution as amended and approved by the voters on June 26, 1956, and subsequent Statute 24–01221 of 1957 Supplement to NDRC 1943, supersedes Statute 24–0118, 24–0119 and 24–0123 making them inoperative, inapplicable and of no effect so far as the state or any of its departments, agencies or political subdivisions are concerned seeking to acquire right of way."

The order certifying questions of law to this court states:

"This cause being at issue on an appeal from an administrative determination under the provisions of Chapter 24–01 of the North Dakota Revised Code of 1943, 1957 Supplement, came on for trial on the 30th day of April, 1959, at ten o'clock A.M., before Honorable Albert Lundberg, District Judge, and the appellant, being the Defendant below, having submitted his evidence, and the Appellee, being the Plaintiff below, having submitted his evidence, and it appearing that the appellant is entitled to certain damages for the taking of his property under the terms of Section 14 of the Constitution of the State of North Dakota, and it further appearing that the appellee may be entitled to offset certain benefits to the remainder of the appellant's property against the damages to be awarded for the taking of appellant's property,

"And it further appearing that a question of law having arisen as to the application of certain statutes in the determination of the damages to be awarded,

"Upon motion of Robert E. Dahl, one of the attorneys for the appellant, and Robert M. Fair, attorney for the appellee, the said Court hereby certifies to the Supreme Court of the State of North Dakota for its review and determination the following questions raised by the evidence submitted, to-wit:

"1. In determining the award to be made, if any, on an appeal from the taking of Right-of-Way under the terms of Chapter 24–01 of the North Dakota Revised Code of 1943, 1957 Supplement, is the jury, or the Court if a jury is waived, governed by the provisions of Section 24–0119, 1957 Supplement, and Sections 24–0716 and 24–0727 of the North Dakota Revised Code of 1943, to which the District Court answers *Yes*.

"2. In determining the award to be made, if any, on an appeal from the taking of Right-of-Way under the terms of Chapter 24–01 of the North Dakota Revised Code of 1943, 1957 Supplement, is the jury, or the Court if a jury is waived, governed by the provisions of Section 32–1522, subsection 4, of the North Dakota Revised Code of 1943, to which the District Court answers *No*.

"3. If the provisions of Section 32–1522 of the North Dakota Revised Code of 1943 are governing, under the provisions of Subsection 4 of said section may the special benefits, if any, which are found to accrue to the portion of the premises not taken be offset against the value of the property sought to be condemned in arriving at the net damages due to the defendant, assuming that the benefits accruing to the portion not sought to be taken exceed the damages accruing to the same portion, to which the District Court answers *Not answered—not at issue*.

"4. If the provisions of Section 24–0727 of the North Dakota Revised Code of 1943 are governing, may the

special benefits, if any, exceeding the damages, if any, to the portion not being taken be offset against the value of the portion sought to be condemned in determining the net damages, if any, to be awarded to the property owner, to which the District Court answers *Yes*.

"The said District Court further certifies that the foregoing questions have been determined as indicated after each question; and that the proper answers are in doubt and are vital or of great moment in the cause and will be principally determinative of the said cause.

"Dated this 4th day of November, 1960."

In view of the stipulation of regularity, we construe the questions for the sake of clarity to mean the *appeal* was taken according to Chapter 24–01, specifically Section 24–01–22.1, NDCC, and not the *taking*. The taking of right of way by a department of the State, such as the state highway department, clearly had to be under Section 14 of the Constitution when it occurred in the latter part of 1957 and the early part of 1958. See Kuecks v. Cowell, supra. The provisions of Chapter 24–01, relative to the taking by a department of the State, were superseded by the subsequent amendment of the Constitution where it involved the taking of right of way. The taking was accomplished under the Constitution. The appeal on the question of damages was taken in the manner authorized by the Constitution and provided by law. See Section 24–01–22.1, NDCC. This statute is clear. It states:

"* * * the matter shall be tried * * *, in the manner prescribed for trials under chapter 32–15 as amended."

Section 32–15–22, Subsection 4, NDCC, states as follows:

"Assessment of damages. The jury, or court, or referee, if a jury is waived, must hear such legal testimony as may be offered by any of the parties to the proceedings and thereupon must ascertain and assess:

\* \* \* \* \* \*

"4. If the property is taken or damaged by the state or a public corporation, separately, how much the portion not sought to be condemned and each estate or interest therein will be benefited, if at all, by the construction of the improvement proposed by the plaintiff, and if the benefit shall be equal to the damages assessed under subsections 2 and 3, the owner of the parcel shall be allowed no compensation except the value of the portion taken, but if the benefit shall be less than the damages so assessed the former shall be deducted from the latter and the remainder shall be the only damages allowed in addition to the value of the portion taken."

The district court certifies there will be "certain benefits to the remainder of the appellant's property * * *." This appears to be the court's way of saying the "portion not sought to be condemned * * * will be benefited, * * *". It also appears the "benefits" the court speaks of will result "by the construction of the improvement proposed by the plaintiff, * * *". It, therefore, appears clear the elements of Section 32–15–22(4) are present and the statute must therefore be applied by the court in its deliberations.

Thus the answer to question number one must be reversed and we answer it in the negative. The answer to question number two is reversed and we answer it in the affirmative. Question number four is no longer applicable to the issue in view of our answer to question number one. Question number three was not answered by the district court and it not having ruled specifically upon the question, it is not before us. See Section 32–24–04, NDCC.

SATHRE, C. J., and BURKE, MORRIS, and STRUTZ, JJ., concur.