CLYDE WALTERS, APPELLANT, V. VILLAGE OF EXETER,
APPELLEE.

FILED JANUARY 17, 1907. No. 14,635.

Appeal. If a plaintiff is denied an opportunity to prove his cause of
action upon a sufficient pleading, it matters not whether such
denial be upon motion or demurrer, he is entitled, if he has not
waived his right, to have an adverse judgment reviewed in this
court.

APPEAL from the district court for Fillmore county:
LESLIE G. HURD, JUDGE. *Reversed.*

*F. B. Donisthorpe,* for appellant.

*C. H. Sloan, F. W. Sloan* and *J. B. Smith, contra.*

AMES, C.

This is an action to recover damages accruing, as it is
alleged, from a negligently dangerous condition of a cul-
vert for the passage of water at a street intersection in
the defendant village. Paragraphs numbered 5, 6 and 7
of the petition are as follows: "(5) That on the 28th day of
January, A. D. 1905, and for a long time prior to said
date, there was and had been a culvert running east and
west under the side-walk or crossing located on the north
side of said South Depot street, where the same connects
with said Exeter avenue; said culvert being made of
lumber, which was rotted, and for many months prior to
said 28th day of January, 1905, had, through gross negli-
gence and want of care of the defendant, become filled
with debris, until no water could pass through said
culvert.

"(6) That previous to said 28th day of January, 1905,
the defendant had caused some grading to be done at the
intersection of said Exeter avenue and South Depot street,
and immediately west of the crossing, as aforementioned,
whereby a sag or basin was left, capable of holding a

large amount of surface water, and that on the said 28th day of January, 1905, the low place, sag, or basin had become filled with water, which said water had become frozen, said water not being able to escape because of the aforementioned condition of said culvert, and being lower and deeper than said culvert.

"(7) That on the morning of the said 28th day of January, 1905, a heavy snow commenced to fall, so that by two o'clock P. M. on said day nearly two inches of snow had covered all the streets in said village, including the location herein specified; that defendant had actual and constructive notice of the condition of said streets, the accumulation of water, its frozen and snow-covered condition and the stoppage of said culvert; and in not repairing said culvert, filling in said basin or sag, whereby said water could be carried off, and in not providing means to prevent or warn persons from passing or driving over said ice covered with snow, was guilty of gross negligence and carelessness."

The defendant attacked these paragraphs by a motion to make more definite and certain, as follows: "(1) To state in paragraph 5 of said petition where the water would go if said culvert therein described was not filled with debris, and whether there was any drainage possible therefrom, and whether said culvert would in proper condition convey water from or into the part of the street complained of, or whether it had any relation to the drainage thereof.

"(2) To state in paragraph 6 whether or not there was any drainage, natural or artificial, from the part of the street complained of, or whether such drainage was possible.

"(3) To state in paragraph 7 in what manner the defendant had notice, 'actual and constructive,' of the alleged defect in said street, and for how long prior to said accident."

The motion was sustained, and the plaintiff excepted. The court thereupon granted the plaintiff leave to file an

amended petition within 20 days, but it does not appear that such leave was granted at the request or instance of the plaintiff, who ignored it, and made no further appearance in the case. At a subsequent term the court, on motion, dismissed the action for want of compliance with the foregoing order of amendment, to which judgment the plaintiff excepted, and from which he appeals.

It appears to us that the petition is sufficient in those respects in which the court ordered its amendment. It alleged the ultimate facts, which is all that the rules of good pleading require or even permit. The motion called for the pleading of evidence, which, if it had been inserted in the first instance, might have been stricken out, on a motion for redundancy, as unnecessarily incumbering the record. Furthermore, it may have been extremely difficult, or even impossible, for the plaintiff to anticipate and allege with accuracy what evidence, in the respects named in the motion, would develop upon a trial, and, if a pleading of such evidence is requisite, a material variance is of necessity fatal. In other words, it appears to us that a compliance with the order of amendment, besides being uncalled for by the code of civil procedure, may have been, and probably was, practically impossible.

It is objected by appellee that the order of amendment was interlocutory only, and not final, and that such orders are not reviewable in this court. The objection is in its proper connection sound. The same may be said of orders sustaining or overruling demurrers, or admitting or rejecting evidence, and a variety of other orders occurring during the progress of a trial. But if such orders, or any of them, are erroneous, and are not corrected by the trial court, they inhere in the final judgment, which is reviewable, and infect it with their own vice, and if duly excepted to are sufficient reason for its reversal. In other words, if a plaintiff is denied an opportunity to prove his cause of action upon a sufficient pleading, it matters not whether such denial be upon motion or demurrer, he is entitled,

if he has not waived his right, to have an adverse judgment reviewed in this court.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.