# New York Supplement

## VOLUME 113.

AND

# New York State Reporter,

## VOLUME 147.

LEONARD G. KIRK CO. v. ALBERT et al.

(Supreme Court, Appellate Term. November 24, 1908.)

MECHANICS' LIENS (§ 309*)—NEW TRIAL—UNSATISFACTORY EVIDENCE—ENFORCE-
 MENT—REVIEW.

  Where, on appeal from a judgment foreclosing a mechanic's lien and
 providing for a deficiency judgment against the owner and contractor, the
 evidence is unsatisfactory. as to the respective liability of the defendants,
 a new trial will be granted.

  [Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 309.*]

Appeal from City Court of New York, Trial Term.

Action by the Leonard G. Kirk Company against Gussie Albert
and another. From a judgment for plaintiff, defendants appeal. Re-
versed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Rosenbluth & Silverman (Henry Silverman, of counsel), for appel-
lants.

William Steele Grey (James E. Duross, of counsel), for respondent.

PER CURIAM. The action is to foreclose a mechanic's lien and
for judgment against the defendant Gussie Albert as owner and the
defendant corporation as contractor. Judgment was given foreclos-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

  113 N.Y.S.—1

ing the lien and providing for a deficiency judgment against both defendants.

The evidence in this case shows that the defendant Gussie Albert was the owner of the premises in suit, and employed her husband, who was the president of the defendant corporation, as her agent to have certain repairs done to the said premises; that plaintiff furnished the material, and has never been paid therefor; that plaintiff sent his bid or estimate to the defendant corporation, instead of sending it to defendant Gussie Albert; that the estimate or bid was accepted in the name of the defendant corporation by a bookkeeper, who is not shown to have had any authority to so act on behalf of the corporation; and that defendant Gussie Albert and her said husband lived on the premises, and the latter superintended the job. The contract for materials would seem to have been made between plaintiff and Gussie Albert, or her husband, acting as her agent, and not with the defendant corporation, were it not for the fact that Gussie Albert cannot say whether she engaged her husband individually as her agent, or whether she engaged him as president of the defendant corporation, intending thereby to make the contract for repairs with the corporation, with which plaintiff claims to have made the contract for furnishing materials. The evidence is so incomplete and unsatisfactory as to the respective liability of the two defendants that we think, in the interests of justice, a new trial should be had, when more light can be thrown upon the situation.

Judgment reversed, and new trial granted, with costs to abide the event.