PATRICK A. HENNESSY, APPELLANT, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BURLINGTON, RESPONDENT.

Argued November 23, 1917—Decided November 27, 1917.

On appeal from the Supreme Court.

For the appellant, *V. Claude Palmer* and *Peter Backes.*

For the respondent, *James Mercer Davis.*

PER CURIAM.

This is an action brought to recover damages for breach of a contract for the building of a bridge across a creek at Broad street, in the city of Burlington. There is a claim also for damages for breach of a contract for the building of a bridge across a creek at Pearl street, in the same city.

After answering the complaint, the defendant was allowed to counter-claim for damages by reason of delay in the completion of the Pearl street contract pursuant to a stipulation in the contract which required the completion of the work in one hundred weather working days after notice from the county engineer to begin, and provided for a penalty of $20 per day for delay. At the trial the attorney for the plaintiff stated that his claim for damages on account of the Broad street bridge was $2,703.91 for the amount of loss of profit on the contract and loss on the materials. Upon the trial judge ruling that the plaintiff could not have both, the plaintiff stated that his profits were $1,508. That amount was allowed him, and thereupon the counsel for the defendant stated that the amount of his claim on the counter-claim for the penalties at $20 a day was $6,240, and the trial judge directed a verdict in favor of the defendant for the difference.

We need not consider any of the questions raised in the case saving the exception to the direction of a verdict. Obviously, at best, the defendant was obliged to prove when the one hundred weather working days allowed by the contract expired. The claim was that notice to begin the work had been given March 18th. There was testimony that one hundred and twenty weather working days expired on July 12th. There was no testimony as to when one hundred weather working days expired. The witness was clearly mistaken in saying that one hundred and twenty weather working days expired between March 18th and July 12th, since the total number of days exclusive of Sundays between those two dates would be less than one hundred; but that mistake is unimportant, since the calendar, of which the court takes judicial

notice, itself proves that the number of weather working days allowed by the contract could not have expired, even if Saturdays and holidays are allowed as full days, before July 12th.

The amount for which the verdict was directed was necessarily too much, and even if we were permitted to correct a mere error in calculation, we should be unable to do it in this case, because there is no testimony upon which the calculation could be based. It is hardly possible that every secular day between March 18th and July 12th was a weather working day, but even if every day had been of that character the proof would still leave us without any basis for a calculation.

The judgment must therefore be reversed and the record remitted, to the end that there may be a. *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.