CORA M. McLEAN, Respondent, v. LESTER W. McLEAN, Appellant.

(199 N. W. 872.)

**Appeal and error — in equitable proceedings, supreme court will remand when necessary, for retrial, even trial de novo demanded.**

1. Where the supreme court deems such course necessary to the accomplishment of justice, it will remand the case for a retrial in the district court, even though a trial de novo is demanded in the supreme court.

Disposition of case.

2. For reasons stated in the opinion, this case is remanded for a new trial in the district court.

Opinion filed July 25, 1924.

Appeal and Error, 4 C. J. § 3099 p. 1116 n. 59.

From a judgment of the District Court of Burleigh County, *Lembke,* J., defendant appeals.

Remanded for a new trial.

*C. L. Crum,* for appellant.

*F. E. McCurdy,* for respondent.

PER CURIAM. This is an action for divorce upon the grounds of nonsupport and extreme cruelty. The trial court found that the charge of non-support had not been established; but it further found that the defendant had been guilty of extreme cruelty as alleged in the complaint and the plaintiff was awarded a decree of divorce on that ground. The custody of a boy about ten years of age, the issue of the marriage, was awarded to the plaintiff. Defendant has appealed from the judgment and demands a trial de novo in this court.

A careful consideration of the evidence leaves us very much in doubt as to what disposition should be made of the case. Upon many features the evidence is quite unsatisfactory. Upon the record presented we do not feel justified in reversing the judgment nor do we feel entirely justified in affirming it. We believe that it may be possible for either or both of the parties to adduce additional testimony

which will tend to clarify the situation. Taking the matter as a whole we are of the opinion that the case is one where the interests of justice will be best subserved by remanding the case for a retrial in accordance with the precedent set by Landis v. Knight, 23 N. D. 450, 137 N. W. 477. See also King v. Tallmadge, 45 N. D. 531, 178 N. W. 280; Drivdahl v. International Harvester Co. 43 N. D. 284, 174 N. W. 817, and authorities cited therein.

It is therefore ordered that the case be remanded for a retrial. All costs, including the costs of this appeal, will abide the result of the final judgment.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, NUESSLE, and BIRDZELL, JJ., concur.