IDA KUYKENDALL and L. B. Kuykendall, Respondents, v. MERCHANTS NATIONAL BANK of Dickinson, a Corporation, Appellant.

(226 N. W. 533.)

Opinion filed August 12, 1929.

*Otto Thress,* for appellant.

*T. D. Casey,* for respondents.

CHRISTIANSON, J.   Plaintiffs brought this action to quiet title to a quarter section of land in Billings county.   The basis of the action is that the premises in question are, and during the time in controversy were, the homestead of the plaintiffs.   The defendant claims an interest in the premises by virtue of a sheriff's certificate of mort-

gage foreclosure sale issued to it upon the foreclosure of a certain mortgage, made to it by the defendant, L. B. Kuykendall, and one W. L. Richards. At the time the mortgage was given W. L. Richards was the record owner of the land; and Richards and L. B. Kuykendall were engaged in business as copartners.

It is the claim of the plaintiffs:

(1) That before the mortgage was given they purchased the land from Richards and paid the full amount of the purchase price; that the property belonged to L. B. Kuykendall individually; that he and his family were occupying the same as their home; and,

(2) That if the court should hold that the evidence is insufficient to establish a purchase of the land by the plaintiffs from Richards that then the land belonged to the copartnership of Richards and Kuykendall and that the plaintiffs having established their home on such tract of land had a homestead interest therein at the time the mortgage in question was given. Based upon these premises it is the contention of the plaintiffs that the premises in question were their homestead at the time the mortgage was executed; and that inasmuch as it was not executed by the plaintiff, Ida Kuykendall (the wife of L. B. Kuykendall) the mortgage was and is null and void and the certificate of sale issued to the defendant upon the foreclosure thereof vested in it no interest in the premises. The trial court made findings and ordered judgment in favor of the plaintiffs and the defendant has appealed and demands a trial anew in this court.

The evidence in the case shows that in the fall of 1918 the plaintiff, L. B. Kuykendall, and one W. L. Richards, formed a partnership for the purpose of engaging in the business of buying, selling and feeding cattle, under the firm name of Richards and Kuykendall. The arrangement between them was wholly oral. The partnership continued to operate for some four years thereafter. At the time the partnership was formed Richards owned the tract of land in controversy. Later two other tracts of land were acquired, one in the name of Kuykendall and the other in the name of Richards. All three tracks were used in carrying on the business of the partnership. It is undisputed that the two other tracts were owned by the partnership. There is some dispute in the evidence as to whether the tract involved in this action was partnership property or the individual property of

the defendant Kuykendall. In 1919 Richards and Kuykendall executed a note in the sum of $10,000, for money borrowed from the defendant bank. The note was renewed in the fall of 1920 and at this time Richards and Kuykendall executed a mortgage upon all three tracts of land to secure such note. This is the mortgage the validity of which is involved in this controversy. At the time the partnership was formed Kuykendall and his family resided in the village of Killdeer in Dunn county in this state. The plaintiffs testified that at the time of the formation of the partnership it was agreed that Kuykendall should purchase and Richards should sell to him the tract of land in controversy here; that this tract should belong to Kuykendall individually and not to the partnership; that the plaintiffs entered into possession of the tract under this arrangement and made it their actual home, shortly after the partnership was formed, and that the tract has ever since continued to be their home; that they subsequently paid Richards the full amount of the agreed purchase price. The land, however, was not conveyed by Richards to Kuykendall until long subsequent to the execution and delivery of the mortgage under which the bank claims here.

As said, it is the claim of the plaintiffs that the tract in controversy here was and is their homestead; that it belonged to L. B. Kuykendall individually and was not partnership property. They further claim that even though it were partnership property, they nevertheless acquired and have a homestead interest therein.

Obviously the first question which presents itself for determination is whether the land in controversy is the individual property of L. B. Kuykendall. If the tract did not become the property of the partnership; and the plaintiff actually purchased and paid for this property and he and his family occupied the same as a home and acquired a homestead interest therein, then obviously this is determinative of the case and the plaintiffs are entitled to decree as it is undisputed that the mortgage was not executed by Kuykendall's wife, and the evidence is clearly sufficient to establish the homestead character of the property provided it is the individual property of L. B. Kuykendall. A careful consideration of the evidence, however, leaves us very much in doubt as to whether Kuykendall purchased the property from Richards and paid for the same. The findings of the trial court are also some-

what vague upon this question and Richards (who testified by deposition taken before the trial) was not interrogated upon this phase of the case. Hence, upon the record as presented on this appeal we are in serious doubt as to whether the premises in question were property of the partnership, Richards and Kuykendall, or the individual property of L. B. Kuykendall. Upon other phases of the case such as contributions made to the partnership, the payment of the alleged purchase price for the premises in suit; and in general upon the various transactions and dealings of the partners which have a direct bearing upon the ultimate questions in issue here, the evidence is far from satisfactory, as viewed from the standpoint of either the plaintiff or the defendant. These various matters can doubtless be clarified upon another hearing. Upon the record as presented here we do not feel justified in reversing the judgment nor do we feel warranted in affirming or modifying it. We believe rather that the case is one where the interests of justice will be best subserved by remanding the case for a new trial in accordance with the precedent set by Landis v. Knight, 23 N. D. 450, 137 N. W. 477; Williams County State Bank v. Gallagher, 35 N. D. 24, 159 N. W. 80; Sutherland v. Noggle, 35 N. D. 538, 160 N. W. 1000; King v. Tallmadge, 45 N. D. 530, 178 N. W. 280, and McLean v. McLean, 51 N. D. 309, 199 N. W. 872. It is therefore ordered that the case be remanded for a new trial. All costs, including the costs of this appeal, will abide the result of the final judgment.

BURKE, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.