FRANK C. DELANEY, as Committee of the Person and Property of LILLIAN HAYDOCK WHITE, Also Known as MRS. JAMES H. WHITE, an Incompetent Person, Appellant, *v.* STERLING C. WYMAN and Another, Respondents.

First Department, June 24, 1931.

*Frank C. Delaney* of counsel [*Abner M. Heggen* with him on the brief; *Compton & Delaney*, attorneys], for the appellant.

*Samuel D. Johnson*, for the respondents.

TOWNLEY, J. The action is by the committee of Lillian Haydock White, an incompetent, to set aside a confession of judgment in favor of the defendant Sterling C. Wyman and certain promissory notes executed by the incompetent upon which the confession of judgment was based. The complaint also demands that a garnishee order against the income of the incompetent and an assignment of rents executed by the incompetent to secure payment of the judgment herein, be vacated. The confession of judgment is claimed to have been executed on January 21, 1929, and judgment was entered thereon on August 24, 1929, for $4,817.90. Mrs. White was adjudged incompetent on February 21, 1930.

The defendant Sterling C. Wyman met the incompetent approximately two years prior to the execution of the notes and confession of judgment. Wyman had a criminal record beginning with a conviction for grand larceny at the age of seventeen, followed by a conviction of forgery and impersonating a naval officer. At the time of the trial he was serving a sentence in the penitentiary on Ward's Island after a conviction on a charge of practicing law without a license.

The incompetent was a widow living alone and having an income of approximately $7,000 a year from a trust fund of which trust the Farmers Loan and Trust Company was trustee. During January and February of 1929 she was intoxicated the greater part of the time and in charge of a nurse. The defendant Sterling Wyman, representing himself to be a lawyer, very early in his association with the incompetent assumed the role of confidential adviser and, after a short time, seems to have taken almost entire charge of her affairs.

In the early part of January, 1929, Dr. Fisk, house physician at the Hotel White, was asked by the defendant Sterling Wyman to see the incompetent, the defendant Wyman telling him that the incompetent had been drinking a good deal, that he had some papers which he wanted her to sign, and wanted the doctor to see if he could do something to straighten her out. The doctor saw her on that occasion and again on January twentieth, the day preceding the execution of the confession of judgment. On the

last-mentioned date he found her so under the influence of alcohol as to be unable to stand without aid, unable to speak coherently, and confined to her bed. The doctor testified that on that occasion she was suffering from chronic alcoholism and that in his opinion she would not have become normal even if all alcohol had been withdrawn for a period of a week.

The consideration for the execution of this confession of judgment was certain promissory notes executed by the incompetent and claimed to have been given to Wyman for moneys advanced by him to the incompetent as his compensation for services rendered by him in procuring an increase in the income of the incompetent.

The confession of judgment made, according to plaintiff's claim, on January 21, 1929, bears an acknowledgment on that date before an attorney at law and an acknowledgment indicating that the incompetent had acknowledged it again on January twenty-third. On August 10, 1929, the confession of judgment was offered for filing in the office of the clerk of the county of New York. After the clerk had started to stamp the papers, he noticed that they were defective in that they lacked a verification as required by section 541 of the Civil Practice Act, and he refused to file them. There appears on the face of the confession of judgment a notation in pencil concededly made by the defendant Wyman, " Filing clerk says this acknowledgment is not statutory and will not file same." The clerk testified that at the time the papers were presented to him on August tenth, they consisted of but three pages. On August twenty-fourth the defendant or his representative took the papers back to the county clerk's office and the judgment was entered. The papers at that time consisted of four pages, the last of which was a verification on legal cap of a different quality and different ruling and dated January 27, 1929.

Plaintiff claims that the document was incomplete for lack of proper verification when tendered on August tenth and was completed by the addition of the fourth page containing the verification which had either been executed in the interval between the tenth and the twenty-fourth of August in order to meet the defect or had been taken from some other document. The defendant's own testimony and that of his witness, the attorney at law, who claims to have taken this verification on January twenty-seventh, are hopelessly at variance. The accounts of these same witnesses as to what occurred in connection with the attempted filing of the paper on August tenth and the subsequent refiling on August twenty-fourth, are equally irreconcilable. The defendant admits that he represented himself to the incompetent to be an attorney at law and that he assumed in that capacity to act as adviser with

regard to her affairs. Under these conditions, he occupied a highly fiduciary relationship to her.

We are satisfied that Wyman took advantage of this relationship and procured the execution of this confession of judgment when the incompetent was so intoxicated as not to understand the nature of her act. The findings made by the court below to the contrary are clearly against the weight of the evidence and must be reversed.

The complaint, however, contained a prayer for the cancellation of the notes assigned as consideration for the confession of judgment. The question of the consideration for these notes was not fully litigated. Defendant's testimony on this subject was far from satisfactory and the affidavits submitted in support of the motion for a new trial cast further doubt upon the existence of any consideration. In view of the fact, however, that this issue was not clearly litigated, there must be a new trial.

The judgment should be reversed and a new trial ordered with costs to appellant to abide the event. The appeal from the order denying a motion for a new trial should be dismissed, without costs.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Appeal from order dismissed, without costs.