GEORGE E. PARISH, APPELLANT, V. COUNTY FIRE INSURANCE COMPANY, APPELLEE.

289 N. W. 765

FILED JANUARY 5, 1940. No. 30695.

*George Evens,* for appellant.

*Ramsey & Welpton, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

EBERLY, J.

This is an action upon an insurance policy to recover damages to a house, alleged to have been caused by cyclone, tornado, windstorm and hail, in the sum of $2,000, occurring on the 17th day of May, 1936. The defendant admitted the ownership of the insured property, its own corporate capacity, and that it was engaged in the business of writing and selling policies of insurance, by the terms of which it insured the policyholder against losses occasioned by fire, cyclone, tornado, windstorm and hail. The due issuance of the policy in suit was established. The defendant also admitted the occurrence of a windstorm and hailstorm on the 17th day of May, 1936, and admitted that "plaintiff has submitted to the defendant due notice of the loss herein sued on, alleged to have been occasioned to him." As a third paragraph of defendant's second amended answer, a provision of the policy in suit is set forth, and it is alleged that thereunder "any loss or damage occasioned to the property involved herein as a result of the storm occurring on May 17, 1936, was caused by high water, overflow, or cloudburst; or by water or rain which did not enter the building through openings in the roof or walls made by the direct action of the wind, and that, accordingly, said loss or damage was not covered or insured by the policy here in suit." Defendant's amended answer also contained a general denial of "all other allegations contained in said petition." The plaintiff joined issue by a reply, in form a general denial. In the district court a trial to a jury resulted in a verdict for plaintiff for the sum of $2,000, upon which judgment was entered. On defendant's appeal, this court, in an opinion written by Paine, J., (134 Neb. 563, 279 N. W. 170) set aside this verdict and judgment so entered, this

opinion closing with the words, "and the judgment of the trial court is hereby reversed." The following is an excerpt from the judgment of reversal entered by this court (Journal DDD, page 189) as its disposition of this cause:

"It is, therefore, considered, ordered and adjudged that said judgment of the district court be, and hereby is, reversed and cause is remanded for further proceedings according to law."

Thus, in neither the opinion, the judgment of reversal, nor the mandate conveying the orders of this court to the trial court, is there specific direction to the trial court to enter judgment in favor of the defendant upon the causes of action stated in plaintiff's petition as an entirety. On the contrary, there is in the opinion a specific declaration that, as to a part of the amount sued for, the plaintiff had sustained damages, the exact extent of which the evidence in the record of the case then before the court may be said to be obscure, indefinite, and uncertain. This court, in its opinion, made no finding that the physical facts, as established by the evidence in the case then made, were inconsistent with the existence of all elements of damages involved in the suit, but only as to a part thereof. In fact, it contained an express admission that the prevailing party in the court below had actually suffered damages within the protection of his policy, the amount of which the opinion of this court does not attempt to determine. Under this situation, the fact that the verdict, as an entirety, could not be sustained does not by necessary implication negative the right of plaintiff to a retrial of the case so far as the elements of damages actually suffered by him entitle him to relief.

The rule applicable in this jurisdiction appears to be that, upon reversal in this court of a judgment, if the facts in issue have not been fully developed, or definitely settled, though indicating that the party aggrieved has sustained actual damage, the appellate court, in reversing, will order a new trial. *Greer v. Doriot*, 137 Va. 589, 120 S. E. 291; *Hennessy v. Board of Chosen Freeholders of Burlington*

*County*, 91 N. J. Law, 693, 102 Atl. 672; *Meehan v. Kaplan*, 184 N. Y. Supp. 578; *Delaney v. Wyman*, 232 App. Div. 607, 251 N. Y. Supp. 5; *Wisconsin Nat. Loan & Bldg. Ass'n v. Webster*, 119 Wis. 476, 97 N. W. 171.

This is a general rule of appellate practice applicable not only in this jurisdiction, but one generally observed in all jurisdictions. It has been applied where the evidence before the appellate court is obscure, indefinite, uncertain, or otherwise unsatisfactory. *Farmers State Bank v. Weisenhaus*, 50 N. Dak. 949, 198 N. W. 673; *Kuykendall v. Merchants Nat. Bank*, 58 N. Dak. 396, 226 N. W. 533; *Wilkins v. Bank of Commerce*, 95 Fla. 85, 116 So. 13; *P. E. Anderson & Co. v. Barton*, 175 N. Y. Supp. 496; *Williamson v. Maynard*, 236 Ky. 33, 32 S. W. (2d) 538; *Leonard G. Kirk Co. v. Albert*, 113 N. Y. Supp. 1; *Branning Mfg. Co. v. Norfolk-Southern R. Co.*, 138 Va. 43, 121 S. E. 74; *King v. Tallmadge*, 45 N. Dak. 530, 178 N. W. 280.

As to the questions of disputed fact involved in this record (the amount of damages actually suffered) the plaintiff, after reversal and upon retrial, was entitled to his constitutional right of trial by jury, of which the record discloses no waiver. It therefore follows that when the trial court, on its own motion, entered judgment upon the mandate for an amount certain, and denied to appellant the right to prove his cause of action to, and have the same determined by, a constitutional jury, reversible error was committed. *Walters v. Village of Exeter*, 78 Neb. 222, 110 N. W. 631.

The plaintiff, under the rule above referred to, is entitled to a retrial of his cause of action generally, with the undoubted right to introduce further competent evidence to establish the actual extent of the damages sustained which are within the scope of the contract of insurance.

The judgment is, therefore, reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.