GEORGE E. PARISH, APPELLANT, V. COUNTY FIRE INSURANCE COMPANY, APPELLEE.

298 N. W. 702

FILED JUNE 13, 1941. No. 31095.

*George Evens,* for appellant.

*Ritchie, Swenson & Welpton* and *Bernard E. Vinardi,* contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and SPEAR and FALLOON, District Judges.

PAINE, J.

This is an action by George E. Parish against County Fire Insurance Company to recover damages to a dwelling-house, which it is alleged was caused by tornado, windstorm and hail. At the conclusion of the plaintiff's evidence, the court sustained a motion of the defendant to dismiss the jury or direct a verdict for the defendant. Plaintiff appeals.

The petition as amended alleges that the plaintiff was the owner of a dwelling-house located at 3465 Ames avenue, Omaha; that on May 5, 1934, he paid a premium of $18 to secure insurance in the sum of $2,000 on said property

against loss by fire, cyclone, tornado, windstorm, and hail for a period of three years.

Plaintiff further alleges that on May 17, 1936, a terrific windstorm, cyclone, and tornado, accompanied by hail, struck and completely wrecked the dwelling-house aforesaid, damaging it to the extent that it has been condemned as unsafe by the city officials of the city of Omaha; that on the day after the storm plaintiff gave notice to the defendant, in writing and orally, and furnished proof of loss, and later gave additional notices of the damages sustained, no part of which has been paid.

The second amended answer admits that the policy of insurance was issued, and that notice of loss was given. Defendant further alleges generally that it is provided in said insurance policy that the company shall not be liable for any high water, overflow, cloudburst, or for any loss caused by water or rain, whether driven by the wind or not, unless the property insured shall first sustain an actual damage to the roof or walls by the direct force of the wind, and shall then be liable only for such damage to the interior of the building as may be caused by water or rain entering the building through openings in the roof or walls made by the direct action of the wind.

The defendant therefore charges that the loss or damage occurring to said dwelling on May 17, 1936, was caused by high water, overflow, or cloudburst, or by water or rain which did not enter the building through openings in the roof or walls made by the direct action of the wind, and that accordingly said loss or damage was not covered or insured by the policy sued upon. The reply was a general denial.

On May 13, 1940, a jury was impaneled and opening statements made. Plaintiff introduced evidence on May 14 and 15, and on the morning of the 16th plaintiff rested, and upon motion of defendant the court instructed the jury to return a verdict in favor of the defendant, and the jury were discharged, and judgment was entered.

In the motion for new trial, in addition to the customary

grounds therefor, it is charged that the court excluded competent, material, and relevant evidence sought to be introduced by the plaintiff, and upon which the plaintiff made offer to prove, and the objection to the offer was sustained by a large amount of testimony.

This is the third appearance of this case in this court. The first opinion may be found in *Parish v. County Fire Ins. Co.*, 134 Neb. 563, 279 N. W. 170, 126 A. L. R. 709, in which it appears that on the first trial in the district court the jury returned a verdict for $2,000 for the plaintiff by a vote of ten to two, and the defendant appealed. In its opinion, after a full discussion of the evidence and facts, this court found that there was damage to the composition roof which might have been caused by hail, and that a wind, which may have caused slight damage, preceded the rainstorm, which wrecked the property, but as the evidence did not support a verdict for $2,000 the judgment of the trial court was reversed.

The second appearance of this case is found in 137 Neb. 385, 289 N. W. 765. It appears from the record that, upon being called for trial, the trial judge entered a judgment on the mandate in the amount of $125 on an offer to confess judgment, found in one of the several answers filed by the defendant, and plaintiff appealed. Upon the second appeal to this court by the plaintiff, it was held by this court that, when the case was reversed and sent back, the plaintiff was entitled to his constitutional right of a trial by jury, which he did not waive, and the judgment was reversed and the cause remanded to the trial court, with the right to introduce further competent evidence. On retrial, the plaintiff introduced much of the same testimony received at the first trial, together with additional testimony.

This court, in its opinion upon the first appearance of this case, made several statements from the evidence then before it, such as testimony of an Omaha building contractor that the damage to the roof by hail would not exceed $25, and also stated that there was a lack of evidence in that bill of exceptions that the wind was very strong or destructive at the

house in question, and that the greater part of the damage was because of water following a cloudburst, and that such water damage was not covered by the policy.

This house was ruined by the storm of May 17, 1936, and this damage was all caused by the hail, the wind, and the water, and it is necessarily a jury question as to how much damage was caused by the hail and wind, which this policy insures against, and how much was caused by the rain and flood, which damage would not be covered by this policy.

There appears to be new evidence that the roof of the house was seriously injured by the hail and the wind, and there was testimony in this last bill of exceptions by Walter Peterson, who was the contractor who was employed to wreck the house, showing that the roof was fastened to the walls with long bolts, and therefore the statement in the first opinion that the paint was not broken between the roof and the sides may be of little value under this new evidence. Mr. Peterson also testified that the chimney was not firmly attached to the roof, and the roof might have been raised by the wind without disturbing the chimney. These points indicate that additional evidence tending to support the plaintiff's claim that serious damage was caused by the wind has more merit than appeared from a reading of the first bill of exceptions.

The present bill of exceptions discloses an exceedingly large number of offers to prove certain evidence and their rejection by the court. Some 40 of such cases are set out and discussed in the briefs. Many of these exclude evidence of witnesses who suffered damage by the wind which preceded the rain and who lived in the vicinity of this house. One of these witnesses whose testimony was excluded lived perhaps half a mile from the damaged dwelling. All such offers of evidence from witnesses who lived a half-mile or upwards were excluded, and our attention is called to the case of *Jordan v. Iowa Mutual Tornado Ins. Co.*, 151 Ia. 73, 130 N. W. 177, in which the court allowed evidence to be introduced about windmills being destroyed and other damage done by the same windstorm two and three miles away from the farm buildings for which recovery was sought.

We all recognize that in a violent windstorm it does not beat with the same force upon all objects, such as buildings in its course, but that in a miraculous way some strong structures are razed to the earth and structures a short distance away seem to escape the force of the blast; yet this knowledge of the varying force of a windstorm is doubtless known to the ordinary juror, as it is to the court, and it would seem proper to allow evidence of destruction by the same windstorm, which occurred in the exact line of its course, to be presented to the jury, who could judge of its applicability to the questions in issue.

In our opinion, without taking up seriatim each of these innumerable offers to prove, there are several of them in which the trial court was in error in not permitting the evidence to go to the jury.

This case is now brought to this court for the third time.

It has been the intention of this court, on each of the two former reversals, to state that there appeared to be sufficient evidence of damage by hail and wind to submit the question of the amount of such damage to the jury. We are still of the same opinion, and we find that the trial court was in error in sustaining the motion of the defendant for a directed verdict at the close of the plaintiff's evidence. The judgment of the trial court is reversed, and this cause is again remanded to the trial court for further proceedings in accordance herewith.

REVERSED.