GEORGE E. PARISH, APPELLANT, V. COUNTY FIRE INSURANCE
COMPANY, APPELLEE.

6 N. W. (2d) 786

FILED DECEMBER 11, 1942. No. 31453.

*George Evens,* for appellant.

*Ritchie, Swenson & Welpton, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER and MESS-
MORE, JJ.

CARTER, J.

This is an action on an insurance policy to recover dam-
ages to a residence property alleged to have been caused
by wind and hail. At the close of plaintiff's evidence the
trial court entered judgment for the plaintiff for $125, the
amount for which defendant had offered to confess judg-
ment, taxed the costs to the plaintiff and discharged the
jury. From this judgment the plaintiff appeals.

This case has been before this court on three previous
occasions. The facts are generally stated in the previous
opinions and will not be repeated here. On its first ap-
pearance here, 134 Neb. 563, 279 N. W. 170, it was held
that the evidence was insufficient to sustain a judgment
for $2,000 for plaintiff, and the case was reversed and the
cause remanded for a new trial. On the second appeal, 137
Neb. 385, 289 N. W. 765, this court held that the trial court
erred in entering judgment on the mandate for an amount
certain, thereby depriving the plaintiff of the right to have
his case submitted to a jury. The case was again reversed
and the cause remanded. On the third appeal, 139 Neb.
726, 298 N. W. 702, it was held that the evidence of dam-
age by wind and hail was sufficient to require the submis-

sion of the amount of such damage to the jury. The action of the trial court in directing a verdict for the defendant was held erroneous and the case reversed and the cause remanded for another trial.

The case is now here for a fourth time, the plaintiff again complaining of the action of the trial court in directing a judgment for the plaintiff for the amount of defendant's tender, the taxing of the costs to the plaintiff and the withdrawal of the case from the jury.

It must be conceded that on a retrial new and additional evidence might be offered which would be a complete justification of the trial court's action, even though the case had been reversed and the cause remanded for a new trial on the theory that a jury question was presented. At the trial involved in this appeal additional evidence was produced and this evidence was before the court for the first time. The question here presented must be determined from the evidence in the present record and not from any previous order of this court which of necessity was based upon evidence which might well have required a different result.

The record in the present case shows conclusively that damage was caused to plaintiff's residence by hail, wind, rain and flood. The policy of insurance protected against hail and windstorm only. While additional testimony was produced, the evidence is so conflicting as to the amount of damage caused by hail and windstorm that it is clearly a question for the jury to determine. A recitation of the facts which leads us to this conclusion would apparently be as futile as those contained in our previous opinions. We content ourselves with saying that there is competent evidence in the record of damage by hail and windstorm which if believed by the jury would warrant a verdict in excess of the amount tendered by the defendant. Consequently, the trial court erred in not submitting the question of the amount of the damages, if any, to the jury. The judgment is reversed and the cause remanded for a new trial.

REVERSED.