[File No. 6969]

JOHN BREDESON, Administrator of the Estate of Roselle Bredeson, Deceased, Appellant, v. TRUESDELL WARREN, Respondent.

(19 NW2d 652)

Opinion filed August 6, 1945

*Kaldor & Kaldor* and *Lyche & Lyche,* for appellant.

*J. A. Walsh* and *Murphy, Toner & Kilgore,* for respondent.

BRODERICK, Dist. J. This is an action brought by John Bredeson,

as Administrator of the Estate of Roselle Bredeson, Deceased, his wife, against Truesdell Warren, a sister of his wife, to recover certain real estate and personal property, to wit: a house and lots, described as Lots 4 and 5, in Block 62, in the City of Larimore, Grand Forks County, North Dakota, of the alleged value of $1200.00, and money on deposit in the Polk County State Bank at Crookston, Minnesota, in the sum of $113.47, and interest accrued thereon, as evidenced by a certificate of deposit due August 15, 1942, the sum of $104.56 on deposit in the First National Bank of Crookston, Minnesota, with interest accrued thereon, as evidenced by a certificate of deposit due August 22nd, 1942, and the sum of $59.39 on deposit in the First National Bank of Grand Forks, North Dakota, a U. S. Government Saving Bond in the sum of $150.00, and other personal property owned by Roselle Bredeson, Deceased, at the time of her death, the exact nature and extent of which is unknown to the plaintiff.

The complaint alleges that the said Roselle Bredeson was afflicted with cancer and that on or about the 27th day of February, 1942, she went to a hospital in Grand Forks, North Dakota, to be treated for her affliction; that at that time she was told by her doctor that she was hopelessly ill with cancer and had but a short time to live; that on or about the first day of March, 1942, without consulting her husband, the defendant took and removed the said Roselle Bredeson from the said hospital to her home at Larimore, North Dakota, where she remained until the 17th day of March, 1942, on which date she died.

The complaint further alleges that on account of the physical condition of the said Roselle Bredeson and the shock she received from the doctor telling her that she would live but a short time, her mind became weak and she lost all interest in her property and was unable to understand or care about possessing or controlling the same, and that she became subject to the control of the defendant, who is her sister, and would do whatever the defendant told her or ordered her to do, and that on or about the 2nd day of March, the defendant, by fraud, misrepresentation, and taking advantage of the weakened physical and mental condition of the said Roselle Bredeson, fraudulently and maliciously obtained from the said decedent, a transfer to herself of all of the real estate and personal property hereinbefore mentioned, and other prop-

erty belonging to the said Roselle Bredeson, the amount of which is unknown to the plaintiff; that such assignment and transfer of property from the said decedent to the defendant was all obtained through fraud, misrepresentation, and by virtue of the weakened mental and physical condition of the said Roselle Bredeson; and that such acts and representations made by the defendant to and towards the said Roselle Bredeson were false and known by the defendant to be false; that all of the real and personal property hereinbefore described belonged to the defendant and is now part of the Estate of said Roselle Bredeson, and that the defendant should be required to reassign and transfer all of the same back to the plaintiff, as Administrator of the Estate of Roselle Bredeson, Deceased. The prayer of the complaint as originally drawn prayed for a judgment that the defendant be required to surrender, turn back and retransfer to the plaintiff all of said property, and that the defendant be required to account for any and all property that she so obtained from the said Roselle Bredeson. To this complaint the defendant interposed a general denial.

Upon the trial the defendant was called by plaintiff as a witness for cross-examination under the statute. She testified that the various deposits and certificates of deposits had been withdrawn and cashed after having been transferred by the deceased to the defendant. She also testified that the house and lots had been deeded to her by the deceased and that she (the defendant) had sold this property and received payment of part of the consideration. Thereupon, plaintiff's attorney moved that the complaint be amended "so far as the prayer is concerned," to ask judgment for the moneys that had been received by the defendant upon the deposits and certificates of deposits instead of the transfer of the certificates of deposits or other instruments calling for the payment of money. Defendant's counsel objected to the proposed amendment. The trial court allowed the amendment.

The trial court found that on or about March 2, 1942 the deceased conveyed and transferred the property described and referred to in the complaint to the defendant, but it further found that the deceased at the time of such conveyance and transfer was in possession of her faculties and competent to dispose of her property; that the conveyance and transfer of the property was not induced by fraud or undue

influence of the defendant, and that the defendant had acquired valid title to the property. Judgment was entered in favor of the defendant for a dismissal of the action. The plaintiff has appealed and demanded a trial de novo in the Supreme Court.

The record in this case is far from satisfactory. The state of the evidence is such as to leave serious doubt as to what disposition should be. made of the case. Upon the record presented we do not feel justified in reversing the judgment, nor do we feel justified in affirming it. The evidence is incomplete and unsatisfactory on important matters and incidents which it seems might be clarified by additional testimony. We feel, therefore, that the case is one where the interests of justice will be best subserved by remanding the case for a retrial in accordance with the precedent set by Landis v. Knight, 23 ND 450, 137 NW 477. See also King v. Tallmadge, 45 ND 530, 178 NW 280; Drivdahl v. International Harvester Co. 43 ND 284, 174 NW 817; and McLean v. McLean, 51 ND 309, 199 NW 872.

On another trial it should be possible to show more clearly and in greater detail the facts and circumstances surrounding the execution of the deed to the real property and the transfer of the certificates of deposit and the deposits. The testimony relating to these transactions consists largely of conclusions rather than statements of what was said and done. It should be possible to show more clearly the physical and mental condition of the deceased at the time of such transfer and whether or not her mental faculties and understanding were impaired by pain and suffering or by opiates which had been administered to her. It should be possible to show more clearly the relations between the deceased and her husband, whether ill will existed, or whether there had been any estrangement; the relationship that had existed between the defendant and the deceased throughout the years before and up to the transfer.

It is therefore ordered that the case be remanded to the district court with permission to the parties to make such amendments to the pleadings, if any, as the court may find to be in the interests of justice, and with permission to introduce such further proper evidence as either of the parties may adduce. Upon the completion of the trial, the trial court will make further findings and conclusions upon all the evidence

in the case; and cause the record, including such additional evidence and findings and conclusions, to be settled, certified and returned to this court together with the record that is now being remanded.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.

MORRIS, J., deeming himself disqualified, did not participate, Hon. L. C. Broderick, Judge of Sixth Judicial District, sitting in his stead by request.